(No. 40504.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
GEORGE JONES, Appellant.

*Opinion filed November 30, 1967.*

Ward, J., took no part.

Sam Adam, of Chicago, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and John F. Ward, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Solfisburg delivered the opinion of the court:

The defendant, George Jones, after a bench trial in the circuit court of Cook County, was found guilty on both counts of an indictment charging him with burglary and theft of property of the value of more than $150. He was sentenced to the penitentiary for a term of not less than two nor more than five years. Because of the constitutional issues raised, the defendant appealed directly to this court.

Defendant contends that there was no probable cause for his arrest; that the search of his car without a warrant was illegal since it occurred at a different place and time than the arrest; and that the seizure of a private paper from the glove compartment of his car and its subsequent admission into evidence violated defendant's constitutional rights. Defendant further contends that he was not proved guilty beyond a reasonable doubt.

At approximately 3:00 A.M. on April 29, 1966, Officer Michael Williams of the La Grange Police Department was in the La Grange police station when an alarm board lit up showing that a burglary was in process at the Village Toggery. Officer Williams immediately proceeded to this location where he saw a 1965 Pontiac automobile parked in front of the store. As he approached the store he observed that a man was sitting behind the wheel of the automobile and another man was standing on the curb, having just thrown an armload of clothes into the back seat. Williams also noticed that the front window of the Village Toggery was broken. The Pontiac immediately left the scene and Williams gave chase. A short distance away the Pontiac slowed suddenly and a man jumped out of the driver's side and ran away. After the driver fled from the Pontiac, the vehicle veered off the road and came to rest against a small post. Williams attempted to capture the fleeing man without success and then returned to the Pontiac and observed that the key was still in the ignition. He further noticed twelve suits in the back seat. Williams then called a tow truck and the vehicle was towed to the La Grange police station where the car was searched. Besides the twelve suits in the back seat, an automobile registration slip bearing the name of George Jones was discovered in the glove compartment.

Officer Kenneth Wolf of the Countryside Police Department testified that he learned through his police radio that Williams was chasing a car which took part in a burglary. Wolf proceeded to the scene of the chase and shortly thereafter observed a car traveling at a high rate of speed. Wolf chased the speeding automobile until the car slowed down and the driver jumped out. According to Wolf the driver fell into the mud as he jumped from the car, picked himself up, and ran. The driver was described by Wolf as wearing black clothing and a hat. Wolf remained with the Pontiac while Williams unsuccessfully attempted to capture

the fleeing man. He remained at the scene until the tow truck removed the car and he then patrolled the area.

While on his patrol Wolf was informed through his police radio that the La Grange police were searching for a George Jones in connection with the burglary. At about 6:30 A.M., approximately three hours after he had participated in the chase of the 1965 Pontiac, Officer Wolf observed a man walking along Route 66. Noticing that the pedestrian was wearing black clothing and a hat, Wolf approached him and asked him where he was going. The man replied that he was in the process of going to Chicago and asked Wolf for a lift. In response to a request for identification, the pedestrian produced his driver's license which identified him as George Jones. He was then immediately placed under arrest and taken to the La Grange police station. Officer Wolf also testified that at the time he approached the pedestrian he noticed that his clothing and shoes were covered with a grayish mud, the same color mud as that at the location where the Pontiac was abandoned.

Officer Williams was present at the police station when the defendant Jones was brought in and his search of the defendant to inventory his personal effects revealed, among other things, a key ring containing two keys which were later discovered to fit the ignition and trunk of the Pontiac. Williams took the key out to the Pontiac and a search of the trunk revealed fifty additional suits. Although the defendant acknowledged ownership of the car to Williams, he stated that he had been on his way out of Chicago with three other men, but, upon hearing them talking in a manner indicating that they were planning a burglary, left his own car and spent the remainder of the night looking for a policeman in order to report the planned burglary. At his trial the defendant, testifying in his own behalf, stated that he was in his car with two other men at approximately 10:00 P.M. on the night of April 28. While driving along Stevenson Expressway, however, he loaned the car to one

of his passengers and got out. He denied having knowledge of either the burglary or the suits found in his automobile.

Defendant first claims that there was no probable cause for his arrest by Officer Wolf. The applicable statute provides that a peace officer may arrest a person when "He has reasonable grounds to believe that the person is committing or has committed an offense." (Ill. Rev. Stat. 1965, chap. 38, par. 107—2(c).) Although it is true that mere suspicion, common rumor or report do not afford probable cause for arrest (*People* v. *Pitts,* 26 Ill.2d 395), it has been consistently held that reasonable cause means something less than evidence which would result in a conviction. (*People* v. *Jones,* 31 Ill.2d 42.) Furthermore, it has been stated that the existence of reasonable cause which will justify an arrest without a warrant depends upon "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar* v. *United States,* 338 U.S. 160, 175, 93 L. Ed. 1879, 1890.

Examining the circumstances surrounding defendant's arrest, we are of the opinion that Officer Wolf's actions were reasonable. He knew that a burglary had taken place a short time before and that one of the burglars had escaped in a Pontiac automobile which was pursued by Officer Williams. Officer Wolf joined in the pursuit and saw the driver of the Pontiac as he jumped from his car. At this time Wolf observed the clothing of the driver and further saw him fall into the mud. Three hours later Wolf confronted a pedestrian walking along a busy highway at 6:30 A.M. Aware of the possibility that the burglary suspect might still be in the area and that the suspect had been wearing black clothing and a hat, we do not think it unreasonable for Officer Wolf to closely examine the pedestrian, particularly after noticing the pedestrian to be covered with mud of the color located at the point where the Pontiac had been abandoned. We think these circumstances warranted the questioning of the pedestrian and, in view of the fact that

he had been advised by his car radio to be on the lookout for a person named George Jones, Officer Wolf was correct in arresting the defendant after he had identified himself. We therefore conclude that the arrest was legal.

Defendant argues, however, that even if probable cause for his arrest existed, any search of his automobile after it had been towed to the police station was unreasonable and consequently any evidence thus obtained should have been suppressed. As we have noted earlier in this opinion, a police officer observed twelve suits in the back seat of the automobile immediately after it had been abandoned. The car was then towed to the police station where the suits were removed from the back seat and the automobile registration card removed from the unlocked glove compartment. The final search revealing fifty suits in the trunk occurred after the defendant had been arrested and taken to the police station.

At the outset, we find no merit in defendant's arguments relating to the search of the automobile before his arrest. The record is clear that the driver jumped from the automobile and ran to avoid capture. This act constituted an abandonment of both the car and its contents. Having thus been discarded, they were properly seized, examined, and admitted into evidence. *Hester* v. *United States,* 265 U.S. 57, 68 L. Ed. 898; *People* v. *Brasfield,* 28 Ill.2d 518.

However, defendant insists that even assuming a valid arrest, the subsequent search of the trunk of his car without a warrant at a different time and place was *per se* unreasonable. Defendant finds some support for his argument in certain language contained in *Preston* v. *United States,* 376 U.S. 364, 11 L. Ed. 2d 777, *People* v. *Lewis,* 34 Ill. 2d 211, and *People* v. *Catavdella,* 31 Ill.2d 382.

This term, in *People* v. *Brown, ante,* p. 353, we have considered the scope of *Preston* and *Lewis* and similar cases in the light of the decision of the United States Supreme Court in *Cooper* v. *California,* 386 U.S. 58, 17 L. Ed. 2d

730, and concluded that the mere fact that the defendant is in custody and his automobile impounded does not in itself invalidate the search, and insofar as Lewis and other similar cases state a contrary conclusion, they are overruled.

The constitutional safeguards contained in the fourth amendment to the United States constitution, as well as those contained in section 6 article II of the Illinois constitution, do not prohibit all searches made without a warrant, but only those which are unreasonable, and a determination of the reasonableness of any given search must be made upon the facts there present. *United States* v. *Rabinowitz,* 339 U.S. 56, 94 L. Ed. 653; *People* v. *Watkins,* 19 Ill.2d 11.

Furthermore, as we noted in *People* v. *Erickson,* 31 Ill.2d 230, 233, "It is equally well established that valid searches which are not incidental to an arrest may be made without a warrant. Such searches, however, must be based upon probable cause, defined as a knowledge of facts justifying a reasonably prudent person in believing that a crime has been or is being committed, and that evidence thereof is contained in the automobile. (*Carroll* v. *United States,* 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543; 74 A.L.R. 1457, *et seq.*)."

In *Cooper* v. *California,* 386 U.S. 58, 17 L. Ed. 2d 730, the defendant was arrested and convicted of the unlawful sale of narcotics. The conviction rested in part upon evidence seized from the glove compartment of defendant's automobile, which, upon defendant's arrest, had been impounded and stored by the police. The search did not occur until one week after the defendant's arrest. In affirming the conviction, the court indicated that the mere fact that the search of an automobile, which is being held in custody by the police, occurs after and at another place from the arrest does not in and of itself render the search unreasonable. In fact, "the reason for and nature of the custody may

constitutionally justify the search." Applying the test of reasonableness, therefore, in light of the *Cooper* decision, we are of the opinion that the search of defendant's trunk was valid notwithstanding the fact that it was at a time and place remote from his arrest.

The automobile was seen by police officers being used in the burglary with which the defendant was charged. The car was then under constant surveillance by police officers until it was abandoned and towed to the police station. Prior to the search of the trunk stolen goods had been observed in the back seat. To argue that the police, knowing that an automobile was used to transport stolen goods and that the majority of these goods were still in the car when taken into custody, could not conduct a search to recover these goods merely because the suspect is in custody strikes us not only as unreasonable but absurd. The search was definitely related to the crime of burglary for which defendant was arrested and was for the purpose of retrieving the fruits of that crime.

The fact that the police may have had the opportunity to obtain a search warrant prior to the search of the trunk does not render the search illegal for "The relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable." (*United States* v. *Rabinowitz,* 339 U.S. 56, 66, 94 L. Ed. 653, 660.) Considering all the circumstances present in this case we hold that the search of the trunk of defendant's automobile, even after the defendant had been taken into custody, was reasonable and that the defendant's motion to suppress the evidence thus obtained was properly denied.

Defendant next contends that even if his arrest and the search of his car were valid, the seizure of his automobile registration card and its admission into evidence were improper on the ground that they were private papers having only evidentiary value, and their seizure and use as evidence

violated both the fourth and fifth amendments to the constitution of the United States.

In developing the compass of the fourth and fifth amendments the United States Supreme Court had invalidated the seizure of private papers and other items of purely evidentiary value even under a search warrant on the theory that only the instrumentalities by which a crime is committed, the fruits of crime, weapons by which escape might be effected, and contraband could be validly seized. (*Gouled* v. *United States,* 255 U.S. 298, 65 L. Ed. 647.) However, in *Warden, Maryland Penitentiary* v. *Hayden,* 387 U.S. 294, 18 L. Ed. 2d 782, the "mere evidence" rule set forth in *Gouled* was rejected by the court as "wholly irrational," stating at 18 L. Ed. 2d 791-792: "The premise in Gouled that Government may not seize evidence simply for the purpose of proving crime has likewise been discredited. The requirement that the Government assert in addition some property interest in material it seizes has long been a fiction, obscuring the reality that government has an interest in solving crime. Schmerber settled the proposition that it is reasonable, within the terms of the Fourth Amendment, to conduct otherwise permissible searches for the purpose of obtaining evidence which would aid in apprehending and convicting criminals. The requirements of the Fourth Amendment can secure the same protection of privacy whether the search is for 'mere evidence' or for fruits, instrumentalities or contraband."

In view of *Hayden* the registration card was validly seized. Nor is the card a "private paper" which may not be used in evidence under the fifth amendment. An automobile registration card is not a paper created or written by defendant, but is evidence of registration of a motor vehicle required by law which must be displayed upon demand and may be suspended or revoked for cause. (Ill. Rev. Stat. 1965, chap. 95½, pars. 3—408, 3—409, 3—704.) We re-

436

gard the contention that such a card is inadmissible as self-incrimination as frivolous.

Finally, we are unable to agree with the defendant that he was not proved guilty beyond a reasonable doubt. We have carefully reviewed the record and find no merit in this contention. Accordingly, the decision of the circuit court of Cook County is. affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.