(No. 40930.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* BURNELL ROBINSON, Appellant.

*Opinion filed September 24, 1968.*

WAYNE M. JENSEN, of Elgin, appointed by the court, for appellant.

WILLIAM R. KETCHAM, State's Attorney, of Elgin, (W. BEN MORGAN, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

Burnell Robinson, the defendant, was found guilty of robbery in a bench trial in the circuit court of Kane County and sentenced to the penitentiary for a term of 2 to 8 years. He appeals directly to this court complaining that certain evidence admitted at his trial was procured in an illegal search of his automobile.

The record of the hearing on Robinson's motion to suppress discloses that on April 23, 1966, a Mr. Hunter re-

ported to the Joliet police department that the defendant had threatened him with a gun. On April 25, a warrant for the defendant's arrest on a disorderly conduct charge was issued. The following day at about 12:30 P.M. Officer Peter Baron of the Joliet police, who knew of the warrant, observed the defendant in his car and stopped the vehicle. Baron directed the defendant to drive his automobile to the police station which was several blocks away. There was no search of the vehicle at that time. Officer Baron, who followed the defendant's auto, noticed that the defendant reached a number of times toward the glove compartment of his auto and he notified Captain Donald Boe, the captain of detectives, of this conduct when they arrived at the station.

Bond was set at $25, which was posted by the defendant's wife a short time later, and the keys to his auto were taken from him and inventoried. A few minutes later, Officer Baron went to the appellant's automobile, which was parked in front of the station, and removed from it a revolver which he testified he observed before he entered the vehicle, as it was in plain view. Returning to the station Baron met Captain Boe, who was walking toward the defendant's vehicle to search it, and informed him of the finding of the gun. Captain Boe later testified that he still proceeded to search the vehicle because it was uncertain whether the pistol found by Baron was the one involved in the complaint incident and that it was his experience that criminal subjects frequently possessed more than one gun. According to the captain's testimony, the glove compartment of the car was open and he observed a U.S. Treasury check which he said was plainly visible from outside the car. Officer Baron also testified that the glove compartment had been open, but the defendant testified that it was closed and locked when he arrived at the station. It was ascertained that the check found by Boe had been taken in a rob-

bery in Elgin. This appeal is from the defendant's conviction of that crime.

The defendant's motion to suppress the check as evidence, heard before the trial, was denied by the trial court. The prosecution had declared that it would not seek to offer into evidence the seized revolver, apparently because the victim was not certain whether the one who robbed him had a gun or only pretended that he had.

The appellant argues that a search of an automobile conducted while the owner is in the police station being booked is unlawful and evidence obtained from the auto cannot properly be received in evidence. This argument is of course directed only against the check, which was the only fruit of the search used against the defendant.

The argument is without validity. This court has held that the fact that a defendant is in custody and his auto impounded will not of itself invalidate a search of his vehicle though there is no warrant for the search. (*People* v. *Brown,* 38 Ill.2d 353, 357; *People* v. *Jones,* 38 Ill.2d 427, 432-3.) The rationale is that it is the reasonableness of the search, as determined from the facts present, which is of controlling importance and not whether the search, as here, occurred outside the defendant's presence after arrest and when he was in custody at the station. Cases holding post-arrest auto searches to have been on their circumstances reasonable include: *People* v. *Jones,* 38 Ill.2d 427; *People* v. *Rossolille,* 38 Ill.2d 316; *People* v. *Nugara,* 39 Ill.2d 482; *People* v. *McKnight,* 39 Ill.2d 577; *People* v. *Brown,* 38 Ill.2d 353; see, *People* v. *Carter,* 38 Ill.2d 496.

Before considering the other circumstances of the search we must observe that there may not have been a search of the auto by Captain Boe within the context of this question. Boe testified that at the time of his inspection the check was lying on the open glove compartment door in plain view. Officer Baron, too, testified that the door was open

but the appellant stated that it was closed. The trial judge stated that it was "very possible" that the glove compartment was open. If it was open, there simply was no search by Captain Boe. "A search implies a prying into hidden places for that which is concealed, and it is not a search to observe that which is open to view. [Citations.]" (*People v. Davis,* 33 Ill.2d 134, 138.) But the trial court in denying the motion to suppress did not specifically find that the compartment door was open. It is unnecessary, however, for us to consider this aspect of the problem further, for if we consider it to have been a search by Captain Boe it was based on probable cause and was reasonable.

We stated in *People v. Erickson,* 31 Ill.2d 230, at 233, that it is well established "that valid searches which are not incidental to an arrest may be made without a warrant. Such searches, however, must be based upon probable cause, defined as a knowledge of facts justifying a reasonably prudent person in believing that a crime has been or is being committed, and that evidence thereof is contained in the automobile. (*Carroll v. United States,* 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543; 74 A.L.R. 1457, *et seq.*)." Here, the appellant had been arrested on a charge of having threatened another with a gun. The testimony of Baron and Boe shows that the search of the defendant's auto was for the purpose of finding, if possible, the weapon allegedly used and we believe that there was reasonable cause for a prudent person to believe that the weapon might be in the auto. The search "was closely related to the reason [for which defendant] was arrested." (*Cooper v. State of California,* 386 U.S. 58, 17 L. Ed. 2d 730, 87 S. Ct. 788; *People v. Rossolille,* 38 Ill.2d 316, 320.) The fact that Boe's search of the auto followed Baron's finding of a gun there did not invalidate his search. As Boe related, he was not certain that the weapon found by Baron was the one allegedly used by the appellant, and his police experience

told him that often criminal subjects were in possession of more than one firearm. He had been told by Baron that the defendant had, while enroute to the police station, reached a number of times in the direction of his glove compartment. Viewing the totality of circumstances here we judge that the search was founded on probable cause and was reasonable.

The search was not unlawfully exploratory, as the defendant seems to maintain, merely because it produced the check linking the defendant to an offense other than the one then under investigation. Captain Boe unexpectedly recovered the check in the course of a legal search. "When an article subject to lawful seizure properly comes into an officer's possession in the course of a lawful search it would be entirely without reason to say that he must return it because it was not one of the things it was his business to look for. See *Harris, supra* (331 U.S. [145] at 154, 155)." *Abel* v. *United States,* 362 U.S. 217, 238, 4 L. Ed. 2d 668, 686, 80 S. Ct. 683, 697.

The defendant's citation of *People* v. *Lewis,* 34 Ill.2d 211, *People* v. *Catavdella,* 31 Ill.2d 382, *People* v. *Erickson,* 31 Ill.2d 230, and *Preston* v. *United States,* 376 U.S. 364, 11 L. Ed. 2d 777, 84 S. Ct. 881, is unavailing. What we said in *People* v. *Rossolille,* 38 Ill.2d 316, is applicable here to *Lewis.* "[I]n *People* v. *Brown,* [38 Ill.2d 353] and *People* v. *Jones* [38 Ill.2d 427], [we] indicated our opinion that *Cooper* v. *California,* 386 U.S. 58, 17 L. Ed. 2d 730, 87 S. Ct. 788, had altered the basis upon which a majority of this court decided *Lewis,* and we accordingly overruled *Lewis* insofar as its conclusions exceeded the requirements of *Cooper.*" (38 Ill.2d at 319.) In *Preston* and *Catavdella* the auto searches were struck down as not being properly incident to arrest. The cases did not, as here, involve a search based on probable cause. In *Erickson* no probable cause for the search concerned was found.

The motion to suppress was properly denied and the judgment of the circuit court of Kane County is affirmed.

*Judgment affirmed.*