THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LOUIS ALMEIDO (Impleaded), Defendant-Appellee.

First District (3rd Division)    No. 62050

Opinion filed June 3, 1976.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The State appeals from orders of the trial court sustaining the motion of Louis Almeido, the defendant, to quash his arrest and to suppress evidence. Almeido and a co-defendant, Peter Redisi, were charged with burglary, possession of burglary tools and theft of an automobile. However, only Almeido, who has not filed an appearance or brief in this court, is involved in the appeal.

At the hearing on Almeido's motion to quash his arrest and to suppress evidence, Sergeant John Pawelek of the Skokie, Illinois, police testified that he had been assigned to investigate a series of burglaries that had been occurring in a Skokie neighborhood. On the night of December 2, 1972, Pawelek, dressed in street clothes and riding in an unmarked police car, observed a Buick automobile back out of a driveway of a home in this neighborhood. The appearance of the automobile aroused his suspicion and he followed it as it was driven around the block and returned to the same driveway. Pawelek made a radio check of the auto's license plates and learned that they were registered to a Chevrolet. The Buick again left the driveway and Pawelek followed it once more as it circled the block in the opposite direction. When the auto stopped near the same driveway, two men ran from it and entered a Mercury automobile which was parked across the street. The Mercury executed an illegal "U" turn and followed the Buick until both autos stopped for a traffic light.

While the two autos were stopped, Pawelek, who had followed them, alighted from his car and walked toward them. He recognized the driver of the Mercury as a man named Fiorentino Luciano, whom he had previously arrested for the possession of burglary tools. As he came closer, the horn of the Mercury sounded and the Buick went through the stop light at a high speed. Pawelek sent a radio message to stop the Buick and ordered Luciano and the other occupant, the defendant Almeido, out of the Mercury. Luciano had no identification and Almeido identified himself only as "Louie." While Pawelek was issuing a citation to Luciano for driving without a license and for making an illegal turn, he received a radio dispatch that the Buick had been found a short distance away and that it contained property which might have been taken in a burglary.

The trial court sustained an objection to this testimony. After receiving this information, Pawelek arrested both Luciano and Almeido. It was later determined that the Buick had been stolen in Chicago several months before and that a residence near the driveway where Pawelek had first seen the Buick had been burglarized.

■■ ■ There is probable cause to arrest when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a man of reasonable caution in believing that an offense has been committed and that the person arrested has committed the offense. (*People v. Robinson* (1976), 62 Ill. 2d 273, 342 N.E.2d 356; *People v. Asey* (1967), 85 Ill. App. 2d 210, 229 N.E.2d 368.) Hearsay evidence, otherwise inadmissible in a trial of a case, may be considered in determining the existence of probable cause. (*People v. La Bostrie* (1958), 14 Ill. 2d 617, 153 N.E.2d 570.) For this reason, the trial court was incorrect in sustaining a defense objection to Pawelek's testimony that he knew prior to the arrest that the Buick matched the description of one seen in the area of prior burglaries in Skokie, and his testimony about the radio report received by him concerning the recovery of the Buick a block or two from the place of the arrest and the property found in the Buick. When all of the admissible evidence is considered, it appears that Sergeant Pawelek had reasonable grounds for the arrest of Almeido and the search of his person and clothing. (*People v. Tassone* (1968), 41 Ill. 2d 7, 241 N.E.2d 419.) Moreover, the Buick had been abandoned and was thus amenable to search (*People v. Jones* (1967), 38 Ill. 2d 427, 231 N.E.2d 580) and, because it was a stolen vehicle, the defendant has no standing to question its seizure (*People v. Henenberg* (1973), 55 Ill. 2d 5, 302 N.E.2d 27; *People v. McNeil* (1972), 53 Ill. 2d 187, 290 N.E.2d 602).

The orders quashing the defendant's arrest and suppressing the evidence are reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McNAMARA and McGLOON, JJ., concur.