THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES SLAWEK *et al.*, Defendants-Appellees.

First District (2nd Division)    Nos. 80-1622, 80-1717 cons.

Opinion filed August 4, 1981.

Richard M. Daley, State's Attorney, of Chicago (Michael Shabat, Joan S. Cherry, and Theodore F. Burtzos, Assistant State's Attorneys, of counsel), for the People.

Whelan, Truschke & Associates, of Arlington Heights (James R. Truschke and Charles Whelan, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendants James Slawek and Donald J. Slawek were charged in complaints for preliminary examination with possession of burglary tools (Ill. Rev. Stat. 1979, ch. 38, par. 19—2(a)), theft (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(a)), and burglary (Ill. Rev. Stat. 1979, ch. 38, par. 19—1(a)). A preliminary examination was held at which only one witness appeared, at the behest of the State. Defendants then made oral motions to quash their

arrest and to suppress evidence seized by the arresting officer. The circuit court granted the motions.

The state appeals this disposition, contending (1) that defendants were legally stopped and then arrested with probable cause, and (2) that the search which turned up the suppressed evidence was either (a) not subject to attack by defendants because they abandoned the searched vehicle and lacked standing, or (b) valid as a search incident to defendants' arrest.

At the preliminary examination held to determine the viability of the complaints filed against defendants, the State called as its sole witness Elk Grove policeman Fred Ortiz, who had arrested defendants. Ortiz testified that on February 29, 1980, he was on patrol. He received a radio call of a burglary in progress. The call informed him that a complainant had seen two white males enter a building and then exit, with one of them carrying a white bag over his shoulder. The individuals were described as wearing dark clothing, and one was wearing a knit cap.

As he continued on patrol, Ortiz spotted a car parked at a curb with two persons standing at its rear. The car was located one-half block from the scene of the reported burglary. Ortiz made the sighting some 15 minutes after the radio report. One of the men threw a white bag "in the rear of the vehicle." Ortiz identified defendants as the two persons. He approached them. The following testimony relates the gist of Ortiz' conversation with defendants:

"A [Ortiz]: * * * I asked what they threw in the trunk of the car.

Q: What did they reply?

A: They replied it wasn't their car. They did not know what I was talking about.

* * *

I asked to open the trunk of the car.

Q: Did they do so?

A: Again they repeated the vehicle wasn't theirs."

Ortiz then found the car keys on the floor of the vehicle's back seat. He opened the trunk and discovered a white pillowcase. Inside the pillowcase, he found several items, including a drawer and a pipe wrench. He then advised defendants that they were under arrest, and gave them the *Miranda* warnings.

On cross-examination, Ortiz stated that defendants were arrested "just prior to opening the trunk." He stated that he had asked defendants to remain where they were as he searched the trunk.

Upon completion of Ortiz' testimony, the State indicated that it did not plan to call any further witnesses. Defendants then made an oral motion to quash the arrest and suppress the items seized from the trunk of

the car. After hearing argument of the parties, the court sustained defendants' motion to suppress without making any fact-finding.

On a later date, the State filed a motion to reconsider the court's ruling. The court denied the motion, but made a fact-finding in support of its earlier ruling. The court noted that the arresting officer did not have "any description of the potential offender" from the radio call. The defendants were not violating any law at the time they were arrested. The court thus ruled that the stop was illegal and that any evidence flowing therefrom must be suppressed. From these findings, the State appeals.

## I

The State asserts that the circuit court erred in quashing defendants' arrest, arguing that there was probable cause for the arresting officer to take such action; and that the court erred in suppressing the evidence seized during the arrest, arguing several grounds which allegedly legitimatized that action.

### A.

A police officer may stop and temporarily question any person when the officer has specific, articulable facts together with reasonable inferences therefrom which lead him to think that the person has committed an offense. (Ill. Rev. Stat. 1979, ch. 38, par. 107—14; *People v. Jackson* (1979), 77 Ill. App. 3d 117, 122, 395 N.E.2d 976; *People v. Sullivan* (1979), 72 Ill. App. 3d 533, 538-39, 391 N.E.2d 241.) This action is commonly referred to as a *Terry* stop. See *Terry v. Ohio* (1968), 392 U.S. 1, 21-22, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1880; compare Ill. Rev. Stat. 1979, ch. 38, pars. 107—2, 108—1.

■■ Review of the record indicates that Officer Ortiz was informed that two white males were seen engaged in a burglary, that one wore a knit cap, and that one carried a white bag. Defendants were spotted by Ortiz in the vicinity of the reported burglary and their appearances matched the general description contained in the radio call, including the fact that one of them wore a knit cap. Additionally, Ortiz saw defendants place a white bag in the trunk of a car. Therefore, Ortiz was warranted in making a *Terry* stop of defendants.

### B.

The state claims that the basis for the valid *Terry* stop of defendants ripened into probable cause for their arrest when Ortiz received "additional facts" upon confronting defendants. We agree, although for different reasons than argued by the State.

■■ The requirements for probable cause to arrest are too well known to require repetition. (See *People v. Lucas* (1980), 88 Ill. App. 3d 942, 946,

410 N.E.2d 1040.) Our analysis must focus upon the facts and inferences available to Officer Ortiz at the time of his confrontation of defendants. Set forth above are the facts known to Officer Ortiz which justified his making a *Terry* stop of defendants. In carrying out that stop, Ortiz approached defendants and questioned them as to what he had just seen. Ortiz was met with defendants' denials, which included their disclaimer of any interest in the car into which Ortiz saw them place a white bag. In our opinion, Ortiz very well may have had probable cause to arrest defendants on suspicion of burglary at this point. However, we need not base our decision on this set of circumstances, because subsequent information which became known to Ortiz clearly established the requisite probable cause to execute the arrest of defendants.

Upon hearing defendants twice deny any interest in the car, Ortiz took it upon himself to unlock the car's trunk. Therein, he found the white bag which defendants had only moments earlier placed in the trunk. In the bag, Ortiz found what appeared to be proceeds of a burglary as well as burglary tools. In our opinion, upon finding this evidence, Ortiz was not only warranted but, under the standards of effective police work, was required to place defendants under arrest.

■■ Further, whether the actions of Ortiz in opening up the trunk of the car and seizing the items were constitutionally valid is a question which defendants have no standing to raise. When property is abandoned by an individual, that person no longer has a reasonable expectation of privacy in the property. As far as that individual is concerned, the property is no longer protected by the Fourth Amendment and may be searched and seized without a warrant. (See *People v. Jones* (1967), 38 Ill. 2d 427, 432, 231 N.E.2d 580; *People v. Phoenix* (1981), 96 Ill. App. 3d 557, 559, 421 N.E.2d 1022; *People v. Almeido* (1976), 39 Ill. App. 3d 197, 199, 350 N.E.2d 191.) The record in this case contains undisputed evidence that defendants disclaimed any interest in the car in responding to Ortiz' inquiries. Consequently, they have no basis for contesting the validity of his inspection of the car's trunk or of his seizing of items found therein. The circuit court therefore erred in suppressing the evidence taken from the car's trunk.

Moreover, once Ortiz possessed the items, the totality of the facts and circumstances known to him certainly ripened into probable cause to arrest defendants. Thus, the circuit court also erred in finding the arrest to have been made illegally.

## II

In light of our findings here, it is unnecessary for us to address the state's contention that the search was valid as incident to defendants' arrest. Similarly, since we have determined that the arrest of defendants

was legal, their contention that the evidence seized must be suppressed as fruit of the allegedly illegal arrest is rendered moot.

For the reasons set forth above, we find the arrest of defendants and seizure of the items in the vehicle to have been legitimate exercises of police power which did not violate any Fourth Amendment rights to which defendants were entitled. We therefore reverse the orders of the circuit court of Cook County and remand the cases for further proceedings.[1]

Reversed and remanded.

HARTMAN, P. J., and STAMOS, J., concur.

---

[1] We find the need to make note of the following as a consequence of the proceedings utilized below. The hearing at which the actions giving rise to this appeal took place was based upon complaints for preliminary examination and was called for the purpose of determining whether there was probable cause to enter charges against defendants. Therefore, the state proceeded under the assumption that its burden of proof would be limited to that question. After the state completed its presentation, defendants improperly raised an *oral* motion to quash the arrest *and* to suppress the evidence seized. (See Ill. Rev. Stat. 1979, ch. 38, par. 114—12(b).) The court then compounded this impropriety by considering the motion and ruling thereupon without making the proper fact-finding. (See Ill. Rev. Stat. 1979, ch. 38, par. 114—12(e).) We believe that the state was caught off guard by this irregular proceeding and as a result was unprepared to properly respond to the motions made. Had the court required that the correct procedures be adhered to, we doubt that the erroneous rulings would have resulted.