THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TONYA WILCHER, Defendant-Appellant.

First District (3rd Division) No. 85—24

Opinion filed June 4, 1986.—Rehearing denied July 18, 1986.

Steven Clark and Michael J. Pelletier, both of State Appellate Defender's Office, of Chciago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Rimas F. Cernius, and Loretta Davenport, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Tonya Wilcher, a/k/a Sharon Ballard, was charged with possession with intent to deliver a controlled substance. The trial court denied defendant's motion to suppress the physical evidence seized from her suitcase as a result of a warrantless search. Following a trial without a jury, the trial court found defendant guilty of the offense charged and sentenced her to a term of six years. On appeal defendant contends that the warrantless search of her luggage violated her fourth amendment rights.

On April 21, 1984, defendant was arrested and charged with possession of more than 30 grams of liquid phencyclidine (PCP) with intent to deliver in violation of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1100 *et seq.*). On the previous day, Agent Dale Anderson of the Drug Enforcement Administration (DEA) received information from Sergeant Joseph Villalba of the Los Angeles police department that an anonymous informant had told him that two black females would be traveling on an Amtrak train en route from Los Angeles to Washington, D.C., with a stopover in Chicago. The two women were believed to be carrying PCP and cocaine. The train would arrive in Chicago at around 3 p.m. on April 21, where the women would transfer to another train. One female was described as being about 24 years, 5 feet 3 inches tall, weighing 125 pounds, with her hair styled in corn rows and beads. The other woman was described as about the same age, but somewhat taller. The names given were Tonya Donette Wilcher and Sharon, last name unknown.

Agent Anderson met with other Federal agents and members of the Chicago police department to plan a surveillance. He contacted Amtrak security and learned that a passenger S. Ballard was listed as travelling through to Washington, D.C., and was assigned to a particular room and car.

The following day, Officer James Turney boarded the train in Joliet, Illinois, took a room near that of defendant and observed her compartment until the train arrived in Chicago. Officer Turner observed defendant as she exited her compartment and left the train carrying two brown suitcases. Her appearance and hair style matched the physical description which had been provided. Defendant rented a baggage cart on the platform onto which she placed the two bags. At this point a woman joined her, placed a garment bag in the cart over the two bags, and the two women proceeded into the main terminal at Union Station.

While defendant was making a telephone call, Agent Nancy Mastaw and Officer Robert Glyn approached her, identified themselves and requested identification. The other woman walked over to another area and was also questioned by officers. Defendant appeared very nervous and responded that she had no identification. At the officers' request, defendant produced her ticket with the name S. Ballard. She told them the "S" stood for Sharon.

The officer and agent told her that they were conducting a narcotics investigation and asked her if she was carrying narcotics in her bags. She said no. They informed defendant that she was not under

arrest and was free to leave, and asked permission to search her bags. Defendant agreed to a search of the larger bag, but told the officers that the smaller bag belonged to a woman on the train with her from Los Angeles. The officers asked her if the small bag belonged to Joanne Jones, the woman earlier seen with her, but she said no. Defendant signed a consent form authorizing a search of the large bag, but no narcotics were found, and she did not produce a key to either bag. According to defendant, the officers asked only for consent to search the larger bag. She did not recall telling them that the small bag did not belong to her.

The small bag was then placed, along with about five other bags, before a narcotics dog. The dog indicated that the small bag contained narcotics. The bag was searched and two one-gallon gas cans containing a liquid substance were discovered. Defendant was then arrested. It was later determined that the liquid substance was PCP, in an amount in excess of 30 grams. Approximately 45 minutes had elapsed since defendant had been approached by the officers in the terminal.

At the hearing on her motion to suppress, defendant testified that both bags were in her custody and control while she was on the train and when she exited, and that she was aware of the contents of the bags. The trial court denied the motion to suppress, concluding that once defendant denied ownership of the bag and the dog indicated the presence of narcotics, the police did not act improperly in conducting the search. A trial followed, and defendant was convicted of possession of a controlled substance with intent to deliver. She appeals.

■■ Defendant contends that a warrantless search of her luggage violated her constitutional right to be free from unreasonable searches and seizures. (U.S. Const., amend. IV.) The State maintains that defendant's disclaimer of ownership of the bag constituted an abandonment of the property precluding fourth amendment protection. Fourth amendment protection against unreasonable searches and seizures does not extend to abandoned property, as an individual's right of privacy in the property has been terminated. (*People v. Hoskins* (1984), 101 Ill. 2d 209, 461 N.E.2d 941, *cert. denied* (1984), 469 U.S. 840, 83 L. Ed. 2d 81, 105 S. Ct. 142.) Therefore, abandoned property may be searched and seized without a warrant. (*People v. Slawek* (1981), 98 Ill. App. 3d 1146, 425 N.E.2d 26), and without probable cause (*People v. Hoskins* (1984), 101 Ill. 2d 209, 461 N.E.2d 941). On a motion to suppress evidence, the defendant has the burden of proving that the search and seizure were unlawful. (Ill. Rev. Stat. 1983, ch. 38, par. 114—12(b); *People v. Berg* (1977), 67 Ill. 2d 65, 364 N.E.2d 880.) A trial court's finding on a motion to suppress will not

be disturbed unless it is manifestly erroneous. *People v. Reynolds* (1983), 94 Ill. 2d 160, 445 N.E.2d 766.

We find that the trial court properly refused to suppress the evidence obtained from the warrantless search of defendant's luggage. There was credible testimony that defendant repeatedly told the law enforcement personnel at the train station that the smaller piece of luggage did not belong to her. She claimed that the smaller bag belonged to someone else and signed a consent form to search only the larger bag. Where an individual denies ownership of property, that property is to be considered abandoned and the individual no longer has a reasonable expectation of privacy in it. *People v. Slawek* (1981), 98 Ill. App. 3d 1146, 425 N.E.2d 26; *People v. Phoenix* (1981), 96 Ill. App. 3d 557, 421 N.E.2d 1022.

■ We reject defendant's contention that even though she disclaimed ownership of the bag, she retained a possessory interest in it for fourth amendment purposes. Defendant demonstrated no possessory interest in the bag when she was questioned by the officers. She did not claim that she was watching the smaller bag for someone else, nor did she try to locate the key to it as she did for the larger bag. Once defendant disclaimed ownership of the bag through words or actions she relinquished her expectation of privacy in the bag and its contents. (See *People v. Hanlon* (1985), 137 Ill. App. 3d 305, 483 N.E.2d 1332.) We do not view defendant's later assertion at the hearing on the motion to suppress that both bags were under her possession and control at the terminal or the fact that she did not leave the area after the search of the larger bag to be dispositive of her privacy interests. Considering the totality of the circumstances and her unequivocal, repeated denial of ownership of the smaller bag at the station, defendant had no legitimate expectation of privacy in the bag at the time of the search. See *United States v. Hawkins* (11th Cir. 1982), 681 F.2d 1343, *cert. denied* (1982), 459 U.S. 994, 74 L. Ed. 2d 391, 103 S. Ct. 353; *United States v. Canady* (5th Cir. 1980), 615 F.2d 694, *cert. denied* (1980), 449 U.S. 862, 66 L. Ed. 2d 78, 101 S. Ct. 165.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P.J., and McGILLICUDDY, J., concur.