(No. 37563.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALLEN BRASFIELD, Plaintiff in Error.

*Opinion filed September 27, 1963.*

ALVIN D. SHULMAN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and JOHN J. O'TOOLE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant, Allen Brasfield, was tried by jury in the criminal court of Cook County and convicted of unlawfully possessing narcotic drugs and was sentenced to the penitentiary for a term of not less than 5 nor more than 8 years. He has brought the case to this court on a writ of error to review the judgment of conviction.

The sole argument here is that a package of narcotics which was introduced in evidence against the defendant was illegally obtained. This contention was advanced in the trial court in a motion to suppress, which was denied. At the hearing on this motion a police officer testified that prior

to the defendant's arrest he and other officers had a conversation with a narcotics addict who was a police informer. After searching the informer and giving him some money, the informer and four officers drove to a certain intersection where the informer left the car and turned around the corner out of the view of the officers. A few moments later the informer returned to the officers and told them that he had contacted the defendant and that the defendant had narcotics on his person but refused to sell any to the informer. The officers were given a description of the defendant and were told where he could be located. The officers then drove around the block where they observed the defendant talking to another person. Three of the officers got out of the car and approached the defendant and the other party, and at that time they saw the defendant flip a package over his head. One of the officers retrieved the package and opened it and another officer conducted a field test to determine whether the package contained narcotics. Two other police officers testified to substantially the same facts.

The informer testified that he tried to make a purchase from the defendant but was unable to do so. He then saw the defendant walk across the street and talk to another addict and he thought he saw the defendant selling narcotics to this addict. He then went back and told the officers what he had seen.

The defendant testified that at the time of his arrest he was not creating any disturbance or committing any crime and that he did not have possession of any narcotics. He said that one of the officers, who had a gun in his hand, commanded him to put his hands up. He testified that he did not throw away any package, that he never observed a field test being made, and that he was never told by any officer that he was under arrest for any reason, although he knew he was under arrest the moment he was placed in the squad car.

At the trial the evidence on this point was substantially

the same. The officers testified that they did not have a warrant for the defendant's arrest nor a search warrant. They testified that the defendant was not placed under arrest until after the package had been recovered and the field test had been made.

The defendant argues that his arrest was illegal and that therefore seizure of the property was illegal. He does not rely upon the constitutional provisions forbidding unreasonable searches and seizures (U.S. Const. amend. IV; Ill. Const., art. II, sec. 6), for he concedes that there was no search here. The defendant's argument is that property obtained as a result of an illegal arrest, without a search, is inadmissible. We do not find it necessary to decide this question. The officers were unanimous in their testimony that the defendant threw away the package as they approached him. Counsel for the defendant argues that "for practical purposes" the defendant was under arrest from the time the police approached him; that the police "thought" they were arresting the defendant at the time they approached him; and that the defendant was "under the impression" that he was under arrest when he saw the officers get out of the car. These arguments are not persuasive in view of the testimony of the officers that the defendant was not arrested until after he had thrown the package. The trial court was entitled to believe this testimony and to act upon it. Under similar circumstances the United States Supreme Court has held that property abandoned by a defendant as he fled from approaching officers was properly seized and admitted in evidence. *Hester* v. *United States,* 265 U.S. 57, 68 L. ed. 898.

We are of the opinion that the evidence shows that the property was discarded by the defendant prior to his arrest and was properly admitted in evidence. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*