WAYMAN THORNTON, Plaintiff-Appellant, v. THE UNIVERSITY CIVIL
SERVICE MERIT BOARD *et al.*, Defendants-Appellees.

Fifth District No. 5—85—0842

Opinion filed April 21, 1987.

Ripplinger, Dixon, Hoffman & Ver Steegh, of Belleville (Jack Ver Steegh, of counsel), for appellant.

Reed, Armstrong, Gorman & Coffey, P.C., of Edwardsville (Ronald D. Lowery, of counsel), for appellees.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Wayman Thornton, appeals from a judgment of the circuit court of Madison County sustaining an order of the University Civil Service Merit Board (Merit Board) discharging plaintiff from his employment as a police officer II.

Plaintiff was hired in 1968 by Southern Illinois University at Edwardsville (SIUE) as a police officer at the East St. Louis campus. On March 19, 1980, the chief of police at SIUE sent a memo to all

police personnel prohibiting all forms of gambling while on duty or on university property and advising personnel that a violation of this policy would result in disciplinary action. On March 19, 1980, plaintiff was suspended 20 days for gambling on university premises during working hours. During an investigation of a burglary at the campus, SIUE detectives interviewed suspect Reginald Hubert. Hubert stated that plaintiff was involved in poker games in the police department office at the East St. Louis campus. An investigation was instituted and a hidden video camera was installed in the office by agents of the Illinois Department of Law Enforcement's Internal Investigation Unit. No search warrant was obtained. The camera was activated on July 8, 1984, to monitor plaintiff's shift. After viewing the tape, written charges for discharge were filed against plaintiff.

A hearing was held at which time plaintiff made a motion to suppress the video tape which was denied by the hearing officer. The hearing officer made the following findings of fact: On July 8, 1984, during plaintiff's 7 a.m. to 3 p.m. shift, plaintiff engaged in a card game and gambled for money in the police department office of the SIUE East St. Louis campus; plaintiff gambled with playing cards in violation of the directive of the chief of police forbidding such activity; the elimination of a football betting pool was the purpose behind the directive of March 19, 1980; plaintiff permitted unauthorized persons to be on the premises on July 8, 1984, when the building was closed to the public; plaintiff was out of uniform during his assigned shift; plaintiff did not devote his time during his shift to his assigned duties in violation of a police department general order. The hearing officer further found that plaintiff's fellow workers had a high regard for his abilities as a police officer, and plaintiff had been evaluated favorably under the evaluation system used by the department.

The Merit Board adopted these findings of fact and concluded that cause for discharge existed. Plaintiff sought administrative review and the circuit court upheld plaintiff's discharge. Plaintiff appeals.

■ Plaintiff contends that the Merit Board's findings of fact are contrary to the manifest weight of the evidence and that the evidence does not support just cause for discharge. A two-step analysis of the scope of review of an administrative agency's decision regarding discharge is set forth in *Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 426 N.E.2d 885. "First, the court must determine if the agency's findings of fact are contrary to the manifest weight of the evidence." (85 Ill. 2d 547, 550, 426 N.E.2d 885, 887.) In applying this rule, the court must con-

sider section 3—110 of the Administrative Review Law, which provides that "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct." (Ill. Rev. Stat. 1985, ch. 110, par. 3—110; *Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 550, 426 N.E.2d 885, 887.) Plaintiff maintains that the video tape, which is the sole evidence of his participation in gambling on July 8, 1984, is insufficient to support the findings of fact. Plaintiff has failed to include the video tape in the record on appeal. It is appellant's duty to present a complete record on appeal and any doubts arising from the incompleteness of the record will be resolved against the appellant. (*Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 661, 435 N.E.2d 852, 859.) The record does not reveal that the tape was of a poor quality or that it was difficult to ascertain the activity depicted in the tape. Plaintiff's failure to include the tape in the record on appeal renders any determination by this court regarding whether the findings of fact are contrary to the manifest weight of the evidence impossible. In resolving the incompleteness of the record against plaintiff, we will not overrule the trial court's determination that the Merit Board's findings of fact are not against the manifest weight of the evidence. We also note that plaintiff incorrectly asserts that the hearing officer must have found that plaintiff's participation in gambling was established by clear and convincing evidence. The standard of proof to be applied in the instant cause is the preponderance of the evidence standard. See *Board of Education v. State Board of Education* (1986), 113 Ill. 2d 173, 185-94, 497 N.E.2d 984, 989-93.

▮▮ ▮ "The second step in the court's analysis is to determine if the findings of fact provide a sufficient basis for the agency's conclusion that cause for discharge does or does not exist." (*Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 551, 426 N.E.2d 885, 887.) Cause has been defined as some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as good reason for his no longer holding that position. (*Burgett v. City of Collinsville Board of Fire & Police Commissioners* (1986), 149 Ill. App. 3d 420, 423-24, 500 N.E.2d 951, 953.) The agency's decision as to cause will not be reversed unless it is arbitrary, unreasonable, or unrelated to the requirements of service. (*Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 551-52, 426 N.E.2d 885, 887.) Plaintiff maintains that,

although his conduct may justify suspension, it does not justify discharge. Rule 11.4(c) of the Civil Service Rules of the State Universities Civil Service System allows an employer to suspend an employee for gambling on institutional premises. Rule 11.5(g) provides that causes justifying discharge include all those listed as cause for suspension if they become recurring offenses. Plaintiff had been suspended in March 1980 for gambling during working hours. Therefore, plaintiff's gambling during his shift on July 8, 1984, constitutes a recurring offense for which he was subject to discharge.

 Plaintiff asserts that even if his misconduct is characterized as a recurring offense, it is not related to the requirements of service nor was it detrimental to the efficiency of the SIUE police department. Prior to the incident in question, the East St. Louis campus had been burglarized. Plaintiff admits that the primary duties of an SIUE police officer are to patrol, monitor, and secure the building. Plaintiff's participation in gambling during his shift with individuals who were not authorized to be in the building certainly undermined his ability to carry out these duties. Additionally, plaintiff's conduct was in direct contradiction to the directive issued by the SIUE chief of police prohibiting gambling during working hours. Such defiance to the explicit instructions of his employer is clearly detrimental to discipline. We conclude that the decision of the Merit Board that just cause for discharge existed is not arbitrary, unreasonable, or unrelated to the requirements of service.

 Plaintiff's third contention is that his motion to suppress the video tape should have been granted. No search warrant was obtained. Plaintiff maintains that he had a reasonable expectation of privacy in the police department office at the SIUE East St. Louis campus and that the warrantless search violated his rights under the fourth amendment of the United States Constitution (U.S. Const., amend. IV) and article I, section 6 of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 6). The fourth amendment does not protect against all searches but only those which are unreasonable governmental intrusions. (*People v. Neal* (1985), 109 Ill. 2d 216, 221, 486 N.E.2d 898, 901.) "If there is no such intrusion there is no search and seizure subject to the warrant clause of the amendment." (*People v. Neal* (1985), 109 Ill. 2d 216, 221, 486 N.E.2d 898, 901.) In considering whether plaintiff can claim a reasonable expectation of privacy, we must determine whether he has, by his conduct, exhibited a subjective expectation of privacy and whether that subjective expectation of privacy is one that society is prepared to recognize as reasonable. (*People v. Neal* (1985), 109 Ill. 2d 216, 221, 486 N.E.2d 898, 901.) While

plaintiff exhibited a subjective intent to keep his conduct private, we do not believe that his expectation was reasonable. The police department office was used by all SIUE police officers to conduct police business and was not plaintiff's private office. Although the building was closed to the public, plaintiff was not alone in the office but had allowed unauthorized individuals to enter the office. Plaintiff had been put on notice that gambling during working hours was prohibited. The search was conducted with the permission of SIUE to determine if plaintiff was properly performing his duties and refraining from gambling. Plaintiff's conduct in inviting others into the building certainly belies his claim of a reasonable expectation of privacy. We do not believe that society is prepared to recognize as reasonable plaintiff's subjective expectation that his conduct during working hours in a non-private office would not be subject to job-related scrutiny. Having concluded that plaintiff had no reasonable expectation of privacy, we find no fourth amendment violation. (U.S. Const., amend. IV.) The constitutional proscription of unreasonable searches and seizures in the fourth amendment is coextensive with the scope of article I, section 6 of the Illinois Constitution (*People v. Clark* (1976), 65 Ill. 2d 169, 357 N.E.2d 798) and, consequently, we also reject plaintiff's claim based upon our State constitution.

Plaintiff's final contention is that the transcript of the interview with Reginald Hubert was improperly admitted into evidence. Hubert was interviewed in connection with the burglary that had occurred at the East St. Louis campus. Hubert indicated that plaintiff participated in poker games involving gambling in the police department office. Plaintiff maintains that this evidence was inadmissible hearsay. We disagree. Where evidence is offered for an independent purpose other than establishing the truth of the matter asserted, it is not hearsay. (R. Ruebner, Illinois Criminal Trial Evidence at 110 (1986).) SIUE stated that it was offering the transcript only to show why the investigation against plaintiff was initiated and not for the truth of the matters asserted by Hubert. The hearing officer admitted the transcript for this limited purpose. Therefore, we reject plaintiff's contention that this evidence was inadmissible hearsay. Plaintiff also maintains that the transcript was highly prejudicial and, therefore, should not have been admitted into evidence. Given the limited purpose for which this evidence was admitted, we cannot conclude the plaintiff was unduly prejudiced, particularly where the hearing officer, Merit Board, and trial court had the opportunity to view the video tape, which they found supported the charges against plaintiff.

For the reasons given, the judgment of the circuit court of Madison County sustaining the Merit Board's order of discharge is affirmed.

Affirmed.

KASSERMAN and HARRISON, JJ., concur.