THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARY LEE DOWERY, Defendant-Appellee.

First District (3rd Division) No. 86—3420

Opinion filed August 3, 1988.—Rehearing denied September 26, 1988.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Kim A. Novi, and Susan Salita, Assistant State's Attorneys, of counsel), for the People.

J. Tobias Dixon, of Chicago, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Mary Lee Dowery, was charged by information with possession of a controlled substance with intent to deliver, *viz.*, more than 30 grams of cocaine, a violation of section 402 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1402). Prior to preliminary hearing, defendant filed a motion to suppress evidence. After a hearing, the trial court granted the motion, finding that the police officers who searched the restaurant where defendant worked and was arrested should have obtained a search warrant. The State prosecutes an interlocutory appeal of that ruling under Supreme Court Rule 604(a). 107 Ill. 2d R. 604(a).

Chicago police officer Robert Schaefer testified at the hearing on defendant's motion. At approximately 12:30 a.m. on July 28, 1986, he and two other officers were approached by an unknown person in the area of 63rd and Hermitage in Chicago. That person told the officers

that he lived in the area, at 63rd and Marshfield, and that the snack shop at that intersection was selling drugs. Specifically, he told the officers that the snack shop was open 24 hours, that there was a black woman behind the counter "right now" who kept the "dope" in clear plastic packaging and a brown paper bag, and, if the police entered the shop, the woman would take the bag and throw it into the garbage as if it were refuse.

Officer Schaefer called for a second team of officers and then proceeded to the snack shop. Schaefer and another officer entered the snack shop at approximately 1 a.m. At that time, Schaefer observed the defendant behind the counter holding a brown paper bag. Schaefer walked up to defendant, identified himself as a police officer and displayed his identification. As Schaefer was telling defendant that he wanted to check the snack shop's license, defendant walked over to an open garbage can and threw the brown paper bag in the garbage. After gaining access to the area behind the counter, Schaefer walked over to the garbage can and retrieved the only brown paper bag he found on top of the garbage can. The Chicago police department report of defendant's arrest indicates that the paper bag retrieved from the garbage contained 19 clear plastic bags of a white powder suspected of being cocaine.

Defendant testified that she was employed at the snack shop and was counting the money in the cash register while in the process of relieving the other woman in the shop when the police entered and announced a "bust." Defendant denied opening the door leading behind the counter for the police. She also denied having a brown paper bag in her hand when the police entered the snack shop or having seen anyone throw the bag into the trash can. Finally, after being asked whether she had ever seen the brown paper bag in the trash can before, defendant responded, "No. No. Not until he showed it to me."

On appeal, the State asserts the trial court erred in granting defendant's motion because defendant lacked standing to challenge the seizure of evidence she intentionally abandoned and thereby surrendered any expectation of privacy. The State also contends the police had probable cause to search the snack shop.

A trial court's ruling on a motion to suppress evidence may not be reversed unless it is manifestly erroneous. (*People v. Neal* (1985), 109 Ill. 2d 216, 218, 486 N.E.2d 898.) In rejecting the State's argument of abandonment and lack of standing below, the trial judge reasoned that, "I think the package, even though it's in a garbage can, is still within the premises. So it's not the same situation." The State had not compared defendant's abandonment of the brown paper bag to

cases dealing with abandonment of items deposited in trash or garbage containers of one type or another. (See, *e.g., People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267, *cert. denied*, 474 U.S. 935, 88 L. Ed. 2d 274, 106 S. Ct. 267; *People v. Stein* (1977), 51 Ill. App. 3d 421, 366 N.E.2d 629; *People v. Huddleston* (1976), 38 Ill. App. 3d 277, 347 N.E.2d 76.) Obviously, however, the trial court did implicitly compare this case with such cases and rejected that comparison.

 █ Formerly, to seek suppression of evidence in cases involving crimes of possession, a defendant was not required to allege an ownership or possessory interest in the items he sought to suppress. (See *Jones v. United States* (1960), 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725.) The basis of this automatic standing rule was that an admission of an ownership or possessory interest in the items could be used against the defendant at trial. In *United States v. Salvucci* (1980), 448 U.S. 83, 65 L. Ed. 2d 619, 100 S. Ct. 2547, the Supreme Court abolished the rule in view of the holding in *Simmons v. United States* (1968), 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967, that a defendant's admissions at hearings on motions to suppress evidence were not admissible at trial. After *Salvucci*, to have standing to seek suppression of evidence, a defendant must allege a possessory interest in the items seized and an invasion of a legitimate expectation of privacy in the area searched. (*Salvucci*, 448 U.S. at 93, 65 L. Ed. 2d at 629, 100 S. Ct. at 2553.) While an ownership interest in the items sought to be suppressed is not a talisman for standing, it is a relevant consideration. (See *Salvucci*, 448 U.S. at 91, 65 L. Ed. 2d at 628, 100 S. Ct. at 2553.) Other relevant factors in determining whether the requisite expectation of privacy to give a defendant standing to contest admission of evidence exists include whether the defendant was legitimately present in the area searched, his possessory interest in the area or property seized, his ability to exclude others from use of the property and a subjective expectation of privacy in the property seized. *People v. Johnson* (1986), 114 Ill. 2d 170, 191-92, 499 N.E.2d 1355, *cert. denied* (1987), 480 U.S. 951, 94 L. Ed. 2d 802, 107 S. Ct. 1618.

██ In light of the foregoing considerations, we conclude that defendant lacked standing to seek suppression of the brown paper bag and its contents. We so conclude because, in her testimony at the suppression hearing, defendant denied ever having seen the bag before the police showed it to her and failed to claim an ownership or possessory interest in the bag and its contents. In view of our conclusion, we need not decide whether defendant abandoned whatever expectation of privacy she had in the brown paper bag when she allegedly placed it in the garbage can. Moreover, we also need not decide whether the police

had probable cause to search the snack shop. Similar results have been reached in analogous cases.

In *People v. Brasfield* (1963), 28 Ill. 2d 518, 192 N.E.2d 914, *cert. denied* (1964), 375 U.S. 980, 11 L. Ed. 2d 425, 84 S. Ct. 504, the defendant, who was convicted of possession of narcotics, sought to suppress a package of narcotics on the grounds that it was obtained as result of an illegal arrest. He testified at the suppression hearing that he did not have possession of any narcotics at the time of his arrest. Relying on *Hester v. United States* (1924), 265 U.S. 57, 68 L. Ed 898, 44 S. Ct. 445, the court held that the package of narcotics which the defendant discarded before his arrest was properly admitted into evidence. *Brasfield*, 28 Ill. 2d at 520.

In *People v. Slawek* (1981), 98 Ill. App. 3d 1146, 425 N.E.2d 26, it was held that defendants who denied to the police any interest in a car whose trunk the police subsequently opened had no standing to contest the search of the trunk and seizure of evidence found therein. The court reasoned that there is no reasonable expectation of privacy in abandoned property and that such property is not entitled to the protection of the fourth amendment. The court therefore reversed the suppression of that evidence. *Slawek*, 98 Ill. App. 3d at 1149.

In *People v. Hanlon* (1985), 137 Ill. App. 3d 305, 483 N.E.2d 1332, the defendant attempted to put on someone else's jacket while in a tavern and denied ownership of his coat to police officers, who then searched the defendant's coat and found 60 tablets of methaqualone in a pocket. The court reasoned that the defendant had abandoned the coat, had, therefore, no expectation of privacy in it and thus lacked standing to contest the reasonableness of its search. Because abandoned property is not entitled to fourth amendment protection, the court held, it may be seized without probable cause and was properly introduced at the defendant's trial. *Hanlon*, 137 Ill. App. 3d at 313-14.

■ The inquiry whether a defendant who has denied to the police an ownership or possessory interest in property has standing to seek its suppression should be distinguished from the inquiry whether a defendant who denies such an interest at a suppression hearing has that standing. Under the better view, a mere disclaimer of a property interest made to the police prior to a search should not result in a loss of standing. (4 W. LaFave, Search and Seizure, §11.3(a), at 287, §11.3(e), at 333, §11(f), at 343 (2d ed. 1987).) However, a disclaimer of ownership or a possessory interest in property at a suppression hearing does result in a loss of standing. (4 W. LaFave, Search and Seizure, §11.3(e), at 333 n.235, §11(f), at 343 n.284 (2d ed. 1987).) Recognition of this distinction may cast some doubt upon the results reached in

*Slawek* and *Hanlon*. Nonetheless, ample authority exists to support a conclusion that defendant's denial of ever having seen the paper bag before the police showed it to her and her failure to claim an ownership or possessory interest in the paper bag and its contents at the suppression hearing preclude her from having standing to seek suppression of those items.

In *United States v. Modica* (2d Cir. 1981), 663 F.2d 1173, *cert. denied* (1982), 456 U.S. 989, 73 L. Ed. 2d 1284, 102 S. Ct. 2269, the defendant had moved to suppress a suitcase containing heroin on the grounds that it had been found in an illegal search of the trunk of his car. Passing upon the denial of the motion, the court of appeals stated:

> "As a threshold matter, appellant lacks standing to object to the search of the bag. Appellant has insisted throughout the trial and the appeal that the suitcase is not his and that he was duped into claiming it. By his own admission, therefore, appellant could not have had any expectation of privacy as to the suitcase's contents. Thus, even if the search was illegal, it did not violate appellant's Fourth Amendment rights. See *Rawlings v. Kentucky*, 448 U.S. 98, 100 S. Ct. 2556, 2561-62, 65 L. Ed. 2d 633 (1980); *United States v. Salvucci*, 448 U.S. 83, 100 S. Ct. 2547, 2552-55, 65 L. Ed. 2d 619 (1980); *Rakas v. Illinois*, 439 U.S. 128, 133-40, 99 S. Ct. 421, 425-29, 58 L. Ed. 2d 387 (1978); *United States v. Goshorn*, 628 F. 2d 697, 699-701 (1st Cir. 1980)." *Modica*, 663 F. 2d at 1177.

See also *State v. Jakeway* (1976), 221 Kan. 142, 558 P.2d 113 (defendant had no standing to challenge admissibility of evidence through motion to suppress where, *inter alia*, he denied at trial that he owned or possessed the seized property); *State v. Williams* (Mo. App. 1978), 566 S.W.2d 841 (defendant "apparently" lost standing to object to search of bus station locker where he disavowed any association with it in trial testimony).

Similarly, in *United States v. Rickus* (E.D. Pa. 1972), 351 F. Supp. 1379, *aff'd* (1973), 480 F.2d 919, *cert. denied* (1973), 414 U.S. 1006, 38 L. Ed. 2d 243, 94 S. Ct. 365, the defendants moved to suppress evidence found in a search of the automobile they had been driving before they were arrested. In denying the motion, the district court found that, even assuming the illegality of the search, the defendants lacked standing to challenge it. Specifically, the court found that one defendant's denial in testimony at the suppression hearing of any interest in or association with the defendants' automobile effectively left them without a legally recognizable interest in the privacy of the automobile or its contents. *Rickus*, 351 F. Supp. at 1383-84.

Based on the foregoing cases, we hold that defendant lost standing to seek suppression of the brown paper bag and its contents when she failed to claim any ownership or possessory interest in them in her testimony at the suppression hearing. As such, the trial court's order sustaining her motion to suppress is manifestly erroneous. None of the cases defendant cites in the "Points and Authorities" portion of her brief compel a contrary conclusion, especially in view of her failure to cite them in the body of the argument.

For all of the foregoing reasons, the order of the circuit court of Cook County granting defendant's motion to suppress is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

WHITE, P.J., and RIZZI, J., concur.