THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OSCAR DAVIS, Defendant-Appellant.

First District (6th Division)   No. 1—87—3617

Opinion filed August 4, 1989.

Randolph N. Stone, Public Defender, of Chicago (Alison Edwards, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Carol L. Gaines, and Edward Pacer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Following a stipulated bench trial, defendant, Oscar Davis, was convicted of possession of a controlled substance and was sentenced to 18 months' probation. Defendant appeals, contending that the trial court erred in denying his motion to suppress certain evidence. (By stipulation, the only evidence offered at trial was that adduced at the hearing on the motion to suppress.)

At the hearing on the motion to suppress, Officer Carl Toussas testified that on June 26, 1987, he and his partner were conducting a surveillance of a suspected narcotics house located at 1018 North Ridgeway in Chicago. The officers were located approximately one block away from the house and were watching the house through binoculars. At approximately 7 p.m. Toussas saw a vehicle pull up to the house. Defendant was in the vehicle. Toussas stated that a man exited the house, approached the vehicle, and began to speak to defendant. Defendant handed some money to the man, and the man reentered the house. Shortly thereafter, he returned to defendant's car and then proceeded back toward the house. Toussas stated that he did not see the man pass anything to defendant, nor did he hear any part of their conversation.

Toussas stated that as the man proceeded to the house, he and his partner drove up to defendant's car. Toussas went after the man who was returning to the house and his partner approached defendant. Toussas returned to his partner and defendant. He spoke with defendant and searched him. Toussas found three tin-foil packets of heroin in defendant's top left shirt pocket.

Defendant testified on his own behalf at the hearing on the motion. He stated that on June 26, 1987, he parked his car approximately four houses down from 1018 North Ridgeway. He went to the house and rang the door bell, but no one answered. He then proceeded back to his car. As he reached the bottom step of the stairway, the police approached him, searched him, and took him into the house. The officers also searched the house. Defendant stated that the officers did not show him an arrest or search warrant. He further stated that he had not committed any crime and that the police did not con-

fiscate any drugs from him.

Larry Heard testified for defendant that on June 26, 1987, he was parked across the street from defendant's car. He stated that he saw defendant coming down the steps of 1018 North Ridgeway, walking toward a police car. He saw the officers search defendant, handcuff him, and take him inside the house. Heard saw no transaction between defendant and any man, but stated that he "spotted" defendant only when the officers were searching him. Heard further stated that there were five or six officers and a dog team present at the time of defendant's arrest. Heard admitted that he came to court with defendant and that they had discussed the case.

Defendant's sole contention on appeal is that the evidence seized from him should have been suppressed because there was no probable cause for the arrest and the scope of the investigatory search exceeded the limits of a *Terry* stop.

In this court, the State has not offered any response or supporting authorities to defendant's contentions. Consequently, the State has abandoned its assertions made in the trial court that the police officers had probable cause to arrest defendant or that the investigatory search did not exceed the limits of a *Terry* stop. See generally *People v. Montgomery* (1974), 18 Ill. App. 3d 828, 310 N.E.2d 760; 107 Ill. 2d Rules 341(e)(7), (f).

Rather, here the State challenges defendant's standing to contest the validity of the seizure of evidence. The State did not make such an argument in the trial court. The basis of the challenge is that defendant denied ownership or possession of the contraband. We do not agree with the State's position.

■ Initially we note that the analysis of this issue belongs under the heading of substantive fourth amendment rights rather than under the heading of standing. (*Rakas v. Illinois* (1978), 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421.) The fourth amendment protects persons against unreasonable searches. This protection extends to all areas in which an individual has a legitimate expectation of privacy. (*Rawlings v. Kentucky* (1980), 448 U.S. 98, 65 L. Ed. 2d 633, 100 S. Ct. 2556; *People v. Johnson* (1986), 114 Ill. 2d 170, 499 N.E.2d 1355.) Although ownership interest in the item seized is a factor which may be considered in determining whether a person's fourth amendment rights have been violated, property rights are neither the beginning nor the end of the inquiry. (*United States v. Salvucci* (1980), 448 U. S. 83, 65 L. Ed. 2d 619, 100 S. Ct. 2547.) Other relevant factors to be analyzed in determining whether the requisite expectation of privacy exists include whether the defendant was legitimately in the area

seized, his possessory interest in the area or property seized, his ability to exclude others from the use of the property, and a subjective expectation of privacy in the property seized. *People v. Johnson* (1986), 114 Ill. 2d 170, 499 N.E.2d 1355; *People v. Dowery* (1988), 174 Ill. App. 3d 239, 528 N.E.2d 214.

■ There can be no question here that defendant had a legitimate expectation of privacy in his person. (See generally *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (noting that the search of a person is a serious intrusion upon the sanctity of that person).) Although defendant disclaimed knowledge of and ownership interest in the contraband recovered by the police, he at no time disclaimed his expectation of privacy in his person and in the clothing he wore on his body. Defendant's legitimate expectation of privacy in the area invaded is not defeated by his denial of possessory interest in the goods seized.

The State's reliance on this court's holding in *People v. Dowery* for its standing argument is misplaced. In that case, defendant denied any knowledge of a paper bag retrieved from a trash can in the restaurant where she was employed. Having no previous interest in either the trash can or the paper bag she claimed she had never seen, defendant obviously had no standing to challenge the search of those items. In the present case, defendant had a legitimate expectation of privacy in the clothing he wore on his body. We believe that defendant had standing to seek suppression of the evidence.

Since we find that the State has abandoned its claims that the police had probable cause to arrest defendant or that the scope of the investigatory search did not exceed the limits of a *Terry* stop, and since defendant had standing to contest the validity of the seizure of evidence, we must hold that the trial court erred in denying defendant's motion to suppress the evidence.

Because of the nature of the occurrence, it apparently would serve no good purpose to remand the matter for further proceedings. Accordingly, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

EGAN, P.J., and LaPORTA, J., concur.