**Richard WHITE, et al., Plaintiffs,**

v.

**Michael O'LEARY, et al., Defendants.**

**No. 88 C 10671.**

United States District Court, N.D. Illinois, E.D.

July 18, 1990.

Michael K. Havrilesko, Williams & McCarthy, Rockford, Ill., for plaintiffs.

Peter Bustamante, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiffs, Richard J. White and William I. Muraski, filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging that defendants, various employees of the Illinois Department of Corrections ("DOC") and a Illinois state police officer, violated their Fourth Amendment and Illinois constitutional rights when defendants arrested plaintiffs, searched their vehicle and seized their property. Count I of plaintiffs' complaint is based upon alleged violations of plaintiffs' Fourth Amendment rights against unreasonable searches and seizures. Count II of plaintiffs' complaint is based upon Section 6 of the Illinois Constitution.

### Background

On March 24, 1988, plaintiffs stopped their vehicle in an access road to a farm field across the highway from the minimum security unit of the Stateville Correctional Center ("Stateville"), near Joliet, Illinois. Plaintiffs were returning from an exhibition at Lewis University near Plainfield, Illinois. Plaintiffs stopped their car because of a problem with the vehicle's side window.

Within minutes of stopping their vehicle, a Stateville vehicle with two uniformed Stateville personnel pulled behind plaintiffs' vehicle and blocked its exit. The farm field in which plaintiffs stopped is owned by DOC and is used by the DOC's prison industries for agricultural pursuits in the rehabilitation of inmates.

Several minutes later, other DOC officers arrived. Plaintiffs were questioned, they turned over a camera which was inspected and found to be empty. Their drivers' licenses were checked and found to be O.K. A state police officer was called and after he arrived plaintiffs' vehicle was searched and a roll of film with 14 of the 24 frames exposed was seized from the car's glove box. Plaintiffs were instructed to leave. This incident lasted approximately one hour.

The instant action was tried and both sides have moved for directed verdicts at the close of all the evidence. The court having determined as a matter of law that plaintiffs' arrests were supported by probable cause, granted defendants' motion for a directed verdict in their favor.

### Discussion

Initially, defendants contend that plaintiffs cannot state a claim based upon Section 6 of the Illinois Constitution dealing with search and seizures because no state statute authorizes suit based upon violations of Section 6. The court disagrees. Section 6 does give rise to a cause of action against public officials or government actors who violate citizens' rights contained therein. *See Kelly v. Franco,* 72 Ill.App.3d 642, 28 Ill.Dec. 855, 391 N.E.2d 54 (1979). However, Section 6 protections against unreasonable searches and seizures is coextensive with those of the Fourth Amendment and, therefore, the court need not distinguish between plaintiffs' two counts for purposes of this decision. *Thornton v. University Civil Service Merit Board,* 154 Ill.App.3d 1016, 1021, 107 Ill.Dec. 893, 897, 507 N.E.2d 1262, 1266 (1987).

The test for probable cause is an objective one and the arresting officer's subjective reasons or motives are relevant, if at all, only in establishing what facts the officer actually had knowledge of at the time of the arrest. *U.S. v. Hope,* 906 F.2d 254, 258 (7th Cir.1990). Under this objective test, probable cause to arrest exists if the facts and circumstances within the arresting officer's knowledge and of which

he had reasonably trustworthy information are sufficient to warrant a prudent person in believing that a suspect had committed or was committing an offense. *Id.* A search of the persons arrested, of their vehicle and of containers found in the vehicle, incident to an arrest with probable cause, is proper. *Id.*

Viewing the evidence most favorably to the plaintiffs and assuming that plaintiff White did not aim a camera at the entrance to the minimum security unit, nonetheless when requested by one of the DOC defendants, plaintiff Muraski removed a camera from the floor of the car and handed it to plaintiff White who, in turn, handed it to one of the DOC defendants. It is not controverted that upon examining the camera the DOC defendant found no film in it and gave it back to plaintiffs.

The evidence failed to disclose why plaintiffs removed the film from the camera after taking pictures on only 14 of the 24 frames available including seven taken at Lewis University. Nonetheless, upon search of the vehicle, film was found in the vehicle's glove box. The DOC defendants seized the film and indicated that it would be processed and returned to plaintiffs at the address on their drivers' license. The film was never returned to plaintiffs.

The evidence established that correctional officers are concerned that vehicles stopped near or at correctional facilities may be facilitating the commission of acts of intimidation or assault upon inmates or employees by photographing individuals to confirm the identity of inmates or employees marked for harassment, intimidation or assault. The evidence was, in particular, that a threat accompanied by a photograph of the employee entering his car has been used to intimidate or harass employees. Photographs have been used also to aid escapes by showing weaknesses in the institution's security.

Additionally, even without reference to photography, vehicles have been used to plant weapons in areas accessible to inmates such as the instant prison farm field to aid in escapes. Narcotics have also been placed in such locations for delivery to inmates. It is a crime in Illinois to aid in the escape of a prisoner from a penal institution. Ill.Rev.Stat. ch. 38, par. 31–7 (Smith–Hurd Supp.1989). It is also a crime in Illinois to bring contraband into a state penal institution or to "place an item of contraband in such proximity to a state penal institution as to give an inmate access to the contraband." Ill.Rev.Stat. ch. 38, par. 31A–1.1 (Smith–Hurd Supp.1989). It is therefore the finding and conclusion of the court that the defendants had probable cause to search and seize pursuant to a valid arrest based upon probable cause that plaintiffs may have been aiding and abetting one of the aforementioned offenses.

Finally, the fact the officers did not give plaintiffs *Miranda* warnings does not give rise to a Section 1983 cause of action. *Johnson v. Carroll*, 694 F.Supp. 500, 504 (N.D.Ill.1988). Nor does the failure of the defendants to return the film seized, state a cause of action for a violation of plaintiffs' Fourth Amendment rights. The officers had probable cause to arrest plaintiffs and incident to that arrest, search their vehicle and seize suspected evidence of criminal activity. *U.S. v. Hope*, 906 F.2d 254 (7th Cir.1990). At most, defendants' failure to return the properly seized evidence implicates plaintiffs' 14th Amendment right not to be deprived of property without due process. *See Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). However, a state employee who negligently or intentionally deprives an individual of personal property, does not violate that person's due process rights where the state provides a meaningful post-deprivation remedy. 468 U.S. at 530–536, 104 S.Ct. at 3202–3205. Plaintiffs do not argue, nor have they shown that state tort and common-law remedies are inadequate to obtain return of their property or its value.

Plaintiffs each received a letter about a week after the incident from the Warden of Stateville Correctional Center denying them access to state correctional facilities. Plaintiff White maintains his telephone calls to the Warden were not returned. Plaintiff Muraski testified that

his letter complaining of the denial of access went unanswered. Plaintiffs also complain that they were "lectured" to by defendant State Trooper not to ever return to the Joliet area.

Assuming that plaintiffs uncontroverted assertions were true, the court nonetheless finds no Fourteenth Amendment deprivation in this alleged conduct or failure to act particularly where the denial of access letter provided for administrative review. Again assuming the allegations of the plaintiffs are true, this court shares the plaintiffs' condemnation of such conduct by persons in authority, particularly those whose contact with this State's citizens and its visitors should be forthcoming and courteous. When the search was concluded, and the seizure and presumed processing of the film occurred with negative results, special care should have been taken to see that the film was returned to plaintiffs.

The court has a serious question as to why these plaintiffs should have suffered the further indignity of being barred from correctional facilities by the Warden and the "Joliet area" by the State Trooper in addition to simply having been in the wrong place at the wrong time resulting in the described inconvenience. More courteous and responsible conduct by the Warden and the State Trooper, assuming again the truth of plaintiffs' assertions, would probably have avoided the filing of this lawsuit and the needless expenditure of valuable court and State resources to say nothing of the time of the nine citizens sitting as jurors.

ORDERED: The court directs a verdict for defendants and orders judgment be entered thereon in favor of Michael O'Leary, Salvador A. Godinez, Randall Allen, Joe Goncarz, Sergeant Kelly T. Morris, and C.A. Garibay, and against plaintiffs Richard J. White and William Jason Muraski.