THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JESSE JAMES LEE, Defendant-Appellee.

Third District   No. 3—91—0551

Opinion filed April 9, 1992.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The State charged the defendant, Jesse James Lee, with unlawful possession of a controlled substance with the intent to deliver. The trial court subsequently granted the defendant's motion to suppress the evidence seized from him during a police search. The State appeals, and we affirm.

The record shows that a search warrant was issued for the person of Jesse James Lee, his residence and a white Buick registered to him. While executing the warrant, the police had a conversation with a confidential source who informed them he had seen a quantity of cocaine in a black vehicle located behind the defendant's home. Upon learning that the black vehicle was registered to the defendant, the police asked him whether he owned it and would consent to a search

of it. The defendant refused to consent and told the police that it was not his vehicle. He stated that he had sold it some time earlier but had not transferred the title because he could not find his title when he sold it.

The police then asked the defendant for the keys to the white vehicle named in the search warrant, and the defendant directed them to a kitchen drawer where he kept his keys. The police took the keys and found that one of them fit the trunk of the black vehicle. Large quantities of drugs were found in the trunk of that vehicle.

The defendant filed a motion to suppress the evidence seized from his black vehicle during the execution of the search warrant. He argued that the police had exceeded the scope of the warrant when they searched the vehicle since it was not named in the search warrant. The State argued that the defendant lacked standing to contest the search since he had abandoned the vehicle by claiming he did not own it. In addition, the State contended that exigent circumstances existed which prevented the police from obtaining a search warrant for the black vehicle.

The trial court granted the defendant's motion, finding that the defendant had standing to contest the search. It also found that there were no exigent circumstances to prevent the police from securing the vehicle and obtaining a search warrant based on the new information provided by the informant.

The State first argues on appeal that the trial court erred in finding that the defendant had standing to challenge the search of the black vehicle. Specifically, it contends that the defendant lacked standing because his disclaimer of ownership constituted abandonment of his expectation of privacy in the vehicle.

In support of its position, the State relies upon *People v. Hanlon* (1985), 137 Ill. App. 3d 305, 483 N.E.2d 1332, and *People v. Slawek* (1981), 98 Ill. App. 3d 1146, 425 N.E.2d 26. Those cases involved situations where defendants denied to the police that they owned property which was searched. The courts held that the disclaimers resulted in the defendants' abandoning the property and losing their expectations of privacy in it. As such, they had no standing to challenge the search of the property.

We note, however, that the result of those two cases was called into question in *People v. Dowery* (1988), 174 Ill. App. 3d 239, 528 N.E.2d 214. In *Dowery*, the court found that a distinction should be drawn between cases where a defendant denies to the police that he owns property and cases where a defendant denies ownership at a suppression hearing. The court held that a mere disclaimer of a prop-

erty interest made to the police prior to a search does not result in the defendant's loss of standing.

In the case at hand, although the defendant denied ownership prior to the search, he did not deny ownership at the suppression hearing. As such, following *Dowery,* we find that the defendant's disclaimers did not result in his abandoning his expectation of privacy in the black vehicle.

■ We also find that the record supports the trial court's decision that the defendant had a reasonable expectation of privacy in the black vehicle. The vehicle was registered to the defendant, and he had the keys to the vehicle in his possession. Further, the confidential source had told the police that the defendant stored cocaine in the vehicle. Based on this evidence, we cannot say that the trial court's decision that the defendant had standing to challenge the search was manifestly erroneous.

The State also argues that even if the defendant had standing to challenge the search, the trial court erred in finding that the warrantless search was unreasonable and not justified by exigent circumstances. The State contends that the law permits the warrantless search of a vehicle when an officer has probable cause to search and securing a warrant is not reasonably practicable. (See *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022.) It argues that in the instant case it was not reasonably practicable to secure a warrant. We disagree.

■ The trial court found that it was reasonably practicable for the police to obtain a search warrant. We find that the evidence supports the trial court's decision. The record showed that the defendant was under arrest and that there were enough police officers present to secure the vehicle while a search warrant was obtained. Based on this evidence, we find that the warrantless search was improper since the police could easily have obtained a warrant without fear that the evidence would be tampered with while they waited for the issuance of the warrant.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY, P.J., and GORMAN, J., concur.