THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
WILLIAM A. COLLINS, Defendant-Appellee.

Fifth District    No. 76-529

Opinion filed October 5, 1977.

Bruce D. Irish, of Illinois State's Attorneys Association, of Mt. Vernon, for the People.

Michael J. Rosborough and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, and Terrence Seeberger, research assistant, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)), the State appeals from an order entered by the Circuit Court of Wabash County granting defendant's motion to suppress evidence. We affirm the Circuit Court's decision.

Defendant, William A. Collins, was charged with the possession of more than 30 grams but less than 500 grams of a substance containing

cannabis, in violation of section 4(d) of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 704(d)). Prior to trial, defendant filed a motion to suppress evidence, alleging that the substance containing cannabis had been discovered and seized during a warrantless search which violated defendant's rights under the fourth amendment.

The State's sole witness at the hearing on the motion to suppress was Richard L. Tisdale, a policeman of the City of Mount Carmel. Officer Tisdale testified that at 3:35 a.m. on May 12, 1976, he saw defendant drive his automobile through a stop sign without stopping. Tisdale apparently followed defendant for approximately one block, then turned on the red light of his patrol car and followed him for another half a block. Defendant pulled over and parked his car alongside the curb in front of his home. Tisdale said that he pulled up behind defendant's vehicle and trained a spotlight on its rear window. He then saw defendant lean forward and to the right, reaching over the passenger's seat. Officer Tisdale emerged from his patrol car, walked to the driver's side of defendant's car and asked defendant to get out. When defendant did so, Tisdale told him to walk to the left rear quarter panel of his car and to stand there. Tisdale then walked to the open door of defendant's car, looked inside and saw an ordinary brown paper bag of medium size. Tisdale took the bag, opened it and found three clear plastic bags containing cannabis. Tisdale arrested defendant for possession of cannabis. He also cited defendant for failing to stop at the stop sign.

Upon cross-examination, Officer Tisdale admitted that he could only see defendant from the shoulders up when defendant leaned forward in his car. Tisdale also said that defendant was calm, cool and polite throughout the encounter.

The defendant testified in his own behalf. He explained that he did not notice the stop sign because he was looking at his oil light, which had flashed on a few moments earlier. Defendant also said that he did not realize he was being followed by a police car until he had started getting out of his own vehicle. He stated that after stopping his car he looked around for a screwdriver with which to punch a hole in a can of oil, intending to put the oil in his car.

■■■ During oral argument, the State conceded that the contents of the brown paper bag were not in plain view (see *Coolidge v. New Hampshire*, 403 U.S. 443, 466, 29 L. Ed. 2d 564, 583, 91 S. Ct. 2022, 2038 (1971); *People v. Tate*, 38 Ill. 2d 184, 230 N.E.2d 697 (1967); *People v. Denwiddie*, 50 Ill. App. 3d 184, 365 N.E.2d 978 (3d Dist. 1977)), and that the search of defendant's automobile was not incident to a custodial arrest (see *United States v. Robinson*, 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467 (1973); *Gustafson v. Florida*, 414 U.S. 260, 38 L. Ed. 2d 456, 94 S. Ct. 488 (1973)). The State argues, however, that Officer Tisdale had

reasonable grounds to examine the contents of the brown paper bag because defendant's "furtive movement" after parking his car indicated that he may have been hiding something.[1]

The supreme court has pointed out that there is:

" * * * a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought. (*Carroll v. United States*, 267 U.S. 132, 153, 69 L. Ed. 543, 551, 45 S. Ct. 280, 285 (1925).)

However, "[t]he word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears" (*Coolidge v. New Hampshire*, 403 U.S. 443, 461, 29 L. Ed. 2d 564, 580, 91 S. Ct. 2022, 2035 (1971)), and any automobile search must be based upon probable cause. (*Chambers v. Maroney*, 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970); *Henry v. United States*, 361 U.S. 98, 4 L. Ed. 2d 134, 80 S. Ct. 168 (1959); *Carroll v. United States*.) In the instant case, defendant's "furtive movement" consisted merely of bending over; he could have done so for any of a number of perfectly legitimate reasons. We agree with the California Supreme Court that:

" * * * [T]o constitute probable cause for an arrest or search, a 'furtive gesture' such as a motorist's act of bending over inside his car must be invested with guilty significance either by specific information known to the officer or by additional suspicious circumstances observed by him." *Gallik v. Superior Court of Santa Clara County*, 5 Cal. 3d 855, 859, 97 Cal. Rptr. 693, 695, 489 P.2d 573, 575 (1971); see also *Sibron v. New York*, 392 U.S. 40, 66-67, 20 L. Ed. 2d 917, 88 S. Ct. 1889, 1904 (1968); *People v. Superior Court of Yolo County*, 3 Cal. 3d 807, 91 Cal. Rptr. 729, 478 P.2d 449 (1970).

The State contends that defendant failed to stop immediately upon being signalled to do so by Officer Tisdale and that Tisdale had reason to believe that defendant had been drinking. According to the State, these suspicious circumstances, when coupled with defendant's furtive gesture, justified a limited search for alcohol. (See Annot., 45 A.L.R.3d 581 (1972).) However, the burden of showing that a warrantless search was

---

[1] In essence, the State appears to be arguing that Officer Tisdale had reasonably concluded that he was dealing with more than an ordinary traffic offender. (See, *e.g., People v. Palmer*, 62 Ill. 2d 261, 342 N.E.2d 353 (1976); *People v. Reed*, 37 Ill. 2d 91, 227 N.E.2d 69 (1967); *People v. Watkins*, 19 Ill. 2d 11, 166 N.E.2d 433 (1960).) During oral argument, however, the State abandoned this contention and framed the issue for review as we have stated it in the text of this opinion.

reasonable is on the prosecution (*People v. Bussie*, 41 Ill. 2d 323, 243 N.E.2d 196 (1969), *cert. denied*, 396 U.S. 819, 24 L. Ed. 2d 70, 90 S. Ct. 56 (1969)), and in this case the State has failed to prove the existence of the alleged "additional suspicious circumstances."

Defendant did not attempt to evade Officer Tisdale and drove only half a block after being signalled to stop. We see nothing sinister in this chain of events, especially because defendant stopped in front of his home. Officer Tisdale's conduct after ordering defendant out of his car does not indicate that he felt any personal danger; he could easily have resolved any doubts as to why defendant had not stopped immediately by asking a few simple questions. Furthermore, the only indication in the record that defendant may have been drinking appears in a rather unresponsive answer given by Officer Tisdale during the following colloquy which occurred during cross-examination:

"Q. But the entire search of the car is based upon Mr. Collins leaning over, isn't it?

A. The search of the area that the driver was sitting.

Q. Well, you said you searched under the driver's seat, didn't you?

A. Mr. Collins had been drinking that night."

Understandably, defense counsel quickly ended his cross-examination and excused the witness. We do not think that the witness' bare conclusion that "Mr. Collins had been drinking" is sufficient to support the State's argument here, particularly in light of Tisdale's further testimony that defendant had been cool, calm and polite.

■■ As far as the record shows, defendant's car was searched only because he bent down after stopping. If we were to hold that such conduct constituted probable cause, then almost every motorist stopped for a violation of the traffic laws would be subject to having his person and automobile searched by the arresting officer.

For the reasons stated above, the decision of the Circuit Court of Wabash County is affirmed.

Affirmed.

CARTER, P. J., and JONES, J., concur.