THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
CHARLES H. PATTERSON, Defendant-Appellee.

Second District   No. 79-671

Opinion filed August 20, 1980.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Dennis J. Burke, of Burke & Burke, of Downers Grove, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Charles H. Patterson, the defendant, was charged with driving while his license was suspended. (Ill. Rev. Stat. 1977, ch. 95½, par. 6—303.) The trial judge granted defendant's motion to suppress evidence acquired as the result of the stop which led to his arrest. The State appeals from the granting of defendant's motion.

The sole witness at the suppression hearing was Officer David Krupka. He testified that he first saw defendant's vehicle, a red and white

tow truck, headed northbound on Woodridge Drive about a block and one-half away. He viewed the vehicle for about 15 seconds and estimated its speed at 42-44 m.p.h. in a 30-m.p.h. zone. He said that he could tell from a block and a half away that the defendant was speeding and that the curves and hills in the area are so slight that they did not obstruct his vision. Upon pulling defendant's vehicle over the officer approached the truck and asked for defendant's driver's license. He said he told defendant, "I think you were going a little fast" and that defendant responded by nodding his head. Defendant then produced a letter from the Secretary of State's office and stated that he didn't have his license with him. After a radio check on the license, from which the officer determined that the defendant's license had been suspended, he arrested defendant and charged him with driving while his license was suspended. While transporting defendant to the station the officer issued a warning ticket for speeding. The officer based his observation as to the speed of the vehicle on his experience conducting traffic patrols for a period of 1½ years before the incident in question.

■■ In granting the suppression motion the trial judge found no probable cause existed for the stop, but the record is silent as to his reasoning. Ordinarily the order of the trial court is presumed to be correct, and we will not, on review, substitute our judgment regarding the credibility of witnesses. (*People v. Gunsaullus* (1979), 72 Ill. App. 3d 440, 442.) "However, trial court orders involving findings of fact are not insulated from appellate review merely because the trial court observed the demeanor of the witnesses." (*Gunsaullus*, 72 Ill. App. 3d 440, 442.) We approach such review with the requirement in mind that an officer is justified in making a traffic stop if he "reasonably infers from the circumstances" that an offense has been committed or is about to be committed. Ill. Rev. Stat. 1979, ch. 38, par. 107—14. See also *People v. Fulton* (1979), 68 Ill. App. 3d 915, 923.

■■ ■ Here the officer testified without contradiction that he observed defendant's vehicle for about 15 seconds and estimated its speed at 42-44 m.p.h. in a 30-m.p.h. zone and that defendant by a nod of his head in response to the officer's question that he was going too fast confirmed that fact. Defendant argues principally that the trial judge did not find the officer's testimony credible. However, the defense offered no testimony, and there is insufficient basis in the record to justify the utter disregard of the officer's testimony. "[A] court of review will not presume that there were aspects of such a witness's testimony and demeanor not apparent from the cold type of the record which justified the trial court in entirely disregarding the testimony." (*People v. Gunsaullus* (1979), 72 Ill. App. 3d 440, 443.) The defendant claims that there are such inconsistencies based on the circumstance that the officer continued to view the vehicle after

146

first seeing it half a block away, that he waited until the vehicle passed him in the opposite direction before attempting a stop, and that after the officer determined that defendant's license was suspended he issued only a warning ticket for speeding. These facts do not justify disregarding the unopposed testimony. An officer may always warn of a traffic violation or reprimand the driver without citing him. Commonly, he need not charge a minor violation when, after a stop, he discovers a serious one. See *People v. Childs* (1970), 4 Cal. App. 3d 702, 706, 84 Cal. Rptr. 378, 380; *Duff v. State* (Tex. Crim. App. 1977), 546 S.W.2d 283, 286; *Hampton v. State* (Tex. Crim. App. 1974), 511 S.W.2d 1, 4.

Reviewing courts have been concerned with the problem of random stops of vehicles as a pretext or subterfuge for a search or for harassment. (See, *e.g., People v. Thomas* (1979), 75 Ill. App. 3d 491; *People v. Lichtenheld* (1976), 44 Ill. App. 3d 647.) However, we find no basis for this concern on the facts of this case. There is no evidence that the officer was motivated to stop the vehicle on a pretext in order to search defendant for the purpose of discovering other possible criminal activities. Inquiry as to the driver's license routinely follows a traffic stop.

We conclude that the visual observation of excessive speed by the experienced police officer constituted reasonable grounds for the traffic stop. The license violation which was discovered pursuant to the stop was the result of proper investigation. The judgment therefore was against the manifest weight of the evidence. The judgment is reversed and the cause remanded.

Reversed and remanded.

LINDBERG and NASH, JJ., concur.