THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT LAGRONE, Defendant-Appellant.

First District (3rd Division)   No. 83—439

Opinion filed May 16, 1984.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Sara Dillery Hynes, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Following a bench trial defendant was convicted of unlawful use of a weapon (Ill. Rev. Stat. 1981, ch. 38, par. 24—1(a)(10)) and sentenced to a 150-day term of incarceration. On appeal defendant contends that the trial court erred in denying his motion to suppress the gun.

During the hearing on the motion to suppress the arresting officer was called as a witness by defendant. The officer testified that about

10 a.m. on April 15, 1981, he was on patrol on the south side of Chicago when he saw defendant in a car being driven by another man. The car had an open trunk lid, and the trunk contained two chairs and a television set. The officer stopped the car, and both defendant and his companion were subjected to patdown searches but nothing was found. The vehicle was then searched, and a loaded revolver was discovered wedged into the front passenger seat where defendant had been seated.

■ Defendant, under the authority of *People v. Kunath* (1981), 99 Ill. App. 3d 201, 425 N.E.2d 486, *appeal denied* (1981), 85 Ill. 2d 580, now argues that even though he was only a passenger in the car, he can challenge whether the stop was proper. He then maintains that stopping the vehicle in this case was improper under the facts presented, thus requiring suppression of the gun.

The State, however, contends that a police officer needs only a reasonable articulable suspicion to stop a vehicle. (*Delaware v. Prouse* (1979), 440 U.S. 648, 59 L. Ed. 2d 660, 99 S. Ct. 1391.) And the State urges that we reject the *Kunath* rationale that a passenger, who might otherwise lack standing to challenge the search of a car under *Rakas v. Illinois* (1978), 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421, and *United States v. Salvucci* (1980), 448 U.S. 83, 65 L. Ed. 2d 619, 100 S. Ct. 2547, still may apply the fruit of the poisonous tree doctrine to suppress the items seized during the car search by merely showing the stop of the vehicle was improper. The State emphasizes that, while defendant would have standing to question the search of his person if the vehicle he was in had been illegally stopped, in this case defendant had no proprietary or possessory interest in the car. Thus the State concludes that the trial court was correct in finding that defendant lacked standing to challenge the car search which disclosed the loaded gun.

As an additional argument, the State maintains that during the defense's direct examination of the arresting officer at the hearing on the motion, the officer was never asked why he stopped the car in which defendant was riding. In fact, the State points to the testimony of the arresting officer where he was asked what he did after stopping the car. The officer responded, "Well, we prior to stopping the vehicle we -." At this point the officer was told to answer the question. The State concludes that defendant thus failed to establish that the stop was unreasonable.

Finally, the State points to the fact that the officer testified that the trunk lid was open on the car in which defendant was riding thus preventing the driver from seeing a car behind him. The State main-

tains that this was a violation of section 12—503(e) of the Illinois Vehicle Code which prohibits driving a vehicle with a rear window in such a condition that it materially impairs a driver's vision to the rear of his car. Ill. Rev. Stat. 1981, ch. 95½, par. 12—503(e).

We have reviewed the *Kunath* decision and find that the State's arguments against its rationale are unconvincing and provide no basis to sustain the trial court's action in this case. We therefore address the question whether the record shows that the car in which defendant was a passenger was properly stopped.

■ Once defendant has established that a warrantless search was conducted and he was doing nothing unusual at the time, the burden of going forward with the evidence to show the legal propriety for the search shifts to the State. (*People v. Boston* (1979), 73 Ill. App. 3d 107, 111, 391 N.E.2d 503.) The record here shows that defendant was merely riding in an automobile during mid-morning. The automobile was transporting household items. This is not unusual and provides no basis to have stopped the car. While the State suggests that defense counsel prohibited the officer from explaining why the car was stopped, it was not defense counsel's duty to establish this factor (*People v. Boston* (1979), 73 Ill. App. 3d 107, 391 N.E.2d 503), nor is there any basis to conclude that the State could not have sought to elicit the reason for the stop. Further, we find no basis to conclude that the open trunk lid justified the stop, because section 12—503(e) of the Illinois Vehicle Code allows for rear view mirrors to assist the driver's vision. (Ill. Rev. Stat. 1981, ch. 95½, par. 12—503(e).) There is no showing that such devices were not available to the driver of the car in which defendant was the passenger.

■ We therefore conclude that the trial court should have granted defendant's motion to suppress under the facts presented. Accordingly, the judgment of the circuit court is reversed.

Reversed.

RIZZI, P.J., and WHITE, J., concur.