THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN D. STROUD, Defendant-Appellant.

Fourth District   No. 4—89—0029

Opinion filed October 19, 1989.

Fint, Wright & Smith, Ltd., of Bloomington, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and James Overholt, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Following a jury trial, defendant was convicted of unlawful possession of cannabis with intent to deliver in violation of section 5(d) of the Cannabis Control Act (Act) (Ill. Rev. Stat. 1987, ch. 56½, par. 705(d)). The circuit court of McLean County sentenced defendant to 30 months' probation, 90 days' incarceration with credit for time served, and fined defendant $3,000 plus costs. Defendant appeals, contending that the circuit court erred in denying his motion to suppress evidence.

Defendant was charged with possession of cannabis with intent to deliver in violation of the Act. (Ill. Rev. Stat. 1987, ch. 56½, par. 705(d).) The charge stemmed from an incident involving a routine traffic stop which led to the seizure of the cannabis.

Defendant filed a motion to suppress physical evidence. At the suppression hearing, deputy sheriff Scott Shumaker testified that on April 23, 1988, at approximately 9:30 p.m. he was on DUI patrol driving east on Six Points Road in McLean County. While on patrol, Shumaker noticed a vehicle driving westbound without a rear license-plate light. Deputy Shumaker made a U-turn and stopped the vehicle. While stopping the vehicle, Shumaker illuminated the back of the car with his spotlight and noticed the passenger appearing to place something under the seat, as the passenger's shoulders were dropped. Deputy Shumaker got out of his car, approached the driver's side of the vehicle and asked defendant Stroud for his driver's license. After defendant produced his license, Deputy Shumaker detected the smell of alcohol coming from the car. Shumaker then asked defendant to step from the vehicle to show him the broken rear license light. Deputy Shumaker did not smell alcohol on defendant's breath. Shumaker then asked defendant to step to the front of the car and approached the passenger side of the car to ask passenger Randy Tromp for his identification. After Tromp produced his identification, Shumaker asked him to exit the vehicle so Shumaker could look for alcohol. Tromp got out of the car and left the door open.

Deputy Shumaker then looked inside the car and saw a green leafy substance inside a plastic bag protruding from underneath the passenger seat which, due to his past experience, he believed to be cannabis. Shumaker was standing at the open door and did not have to physically enter the car to see the bag.

After noticing the bag, Shumaker pulled it out to make further observation and found another bag with similar contents. Shumaker then called for an additional squad car to watch the two passengers while he searched the interior of the car. Deputy Shumaker then

found one more bag believed to be cannabis under the passenger's seat, one under the driver's seat and some in the glove box. Also found were two "one-hitter" boxes, with traces of cannabis, and a large O'Haus scale. Defendant was then taken into custody.

The State contends that under *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, and the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 107—14), Deputy Shumaker had the right to detain and question defendant and his passenger because it was reasonable for Shumaker to infer that a crime had been committed or was taking place. And once Shumaker had the right to stop and question the passenger, anything he saw in plain view could be confiscated and considered not part of any illegal search. We agree.

■ The fourth amendment to the United States Constitution and the safeguards in section 6 of article I of the Illinois Constitution (U.S. Const., amend. IV; Ill. Const. 1970, art. I, §6) do not prohibit all searches made without a warrant. Instead, these safeguards only prohibit warrantless searches which are unreasonable. (*United States v. Rabinowitz* (1950), 339 U.S. 56, 94 L. Ed. 653, 70 S. Ct. 430; *People v. Watkins* (1960), 19 Ill. 2d 11, 166 N.E.2d 433.) The United States Supreme Court has held that an officer may make an investigative stop if he reasonably suspects criminal activity has taken place, is taking place, or will take place. (*Terry*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) Illinois has codified this decision in section 107—14 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 107—14), which states: "A peace officer *** may stop any person in a public place for a reasonable period of time when the officer reasonably infers from the circumstances that the person is committing, is about to commit or has committed an offense." This rule has been extended to detentions of automobiles and their occupants. *People v. Martin* (1984), 121 Ill. App. 3d 196, 459 N.E.2d 279.

■ To be reasonable, Shumaker's inference must have been based on "more substantial facts and circumstances than would support a mere hunch, yet less substantial than those necessary to support a finding of probable cause to arrest or search the defendant." (*People v. McGowan* (1977), 69 Ill. 2d 73, 77-78, 370 N.E.2d 537, 539.) Deputy Shumaker noted that defendant's passenger appeared to be putting something under the seat, as the passenger's shoulders were dropped. Later, as Shumaker stood by the car, he detected the smell of alcohol coming from the car. Thus it was reasonable for the deputy to infer that a crime such as having open alcohol in the vehicle may have been in progress.

Once Deputy Shumaker had a right to stop and question the passenger, anything he saw in plain view could be confiscated and considered not part of an unreasonable search. The United States Supreme Court has held that "objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." *Harris v. United States* (1968), 390 U.S. 234, 236, 19 L. Ed. 2d 1067, 1069, 88 S. Ct. 992, 993.

Deputy Shumaker testified that once passenger Tromp stepped out of the car, the bag of cannabis was in plain view. He did not have to enter the car to see it. Thus, the seizure of the first bag of cannabis was not unreasonable. The sight of the cannabis in plain view also gave Deputy Shumaker probable cause to arrest defendant and passenger Tromp and to conduct a lawful, warrantless search of the car. In *Martin*, the court held that evidence discovered in plain view was sufficient to escalate an officer's suspicions to the level of probable cause to arrest. The court in *Martin* also held that in such a situation, a search could be justified under either the search incident to arrest doctrine or the warrantless automobile search doctrine.

The search incident to arrest doctrine was discussed by the United States Supreme Court in *New York v. Belton* (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860. In this case, a police officer stopped a motor vehicle after a traffic violation. While questioning the driver, the officer smelled burning cannabis and saw an envelope which he associated with cannabis. The officer searched the car and confiscated illicit drugs. The supreme court stated that an officer who makes a lawful arrest of an occupant of an automobile may contemporaneously search the passenger compartments of the auto, including any containers.

The warrantless automobile search doctrine was discussed in *United States v. Ross* (1982), 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157. The Supreme Court stated in *Ross* that when a police officer legitimately stops a vehicle and has probable cause to believe contraband is concealed somewhere within the car, the officer may conduct a warrantless search of the vehicle.

Either of these two warrantless search theories would apply here. Thus, Deputy Shumaker had probable cause once he saw the cannabis in plain view and conducted a lawful, warrantless search of defendant's car.

Defendant contends that although the initial stopping of his car was legal, any further search was not. Defendant maintains that passenger Tromp's actions indicating the placement of something under

the seat, along with Deputy Shumaker's detection of alcohol coming from the car, were not sufficient to constitute probable cause to allow a legal, warrantless search of the vehicle. This, however, is not quite the issue here. The trial court ruled that the plain view doctrine gave Deputy Shumaker probable cause to search the vehicle. Thus, at issue is whether these circumstances gave Deputy Shumaker a reasonable belief that a crime was being committed to enable him to conduct a *Terry* stop. If so, the plain view rule would then establish the probable cause required to search the car without a warrant.

Defendant offers several cases to support his view. In *People v. Collins* (1977), 53 Ill. App. 3d 253, 368 N.E.2d 1007, an officer pulled defendant over for a traffic violation, and noticed defendant lean forward and to the right, reaching over to the passenger's seat. After ordering defendant from the car, the officer saw an ordinary brown paper bag inside the car. The officer took the bag, opened it and found three plastic bags of cannabis. The court suppressed the evidence because the State conceded that the contents of the brown paper bag were not in plain view and that the search of defendant's automobile was not incident to a custodial arrest. In the present case, the first bag of cannabis seized was in plain view. The rest of the evidence was seized under either a search incident to custodial arrest theory or a warrantless search of an automobile theory.

In *People v. Clark* (1981), 98 Ill. App. 3d 405, 424 N.E.2d 879, an officer noticed a car on the road with only one taillight and activated his lights in an attempt to stop the car. The car swerved from one lane to the other, and the officer noticed the driver bend over to the passenger side of the car. When the car pulled over, the officer approached the driver's side and asked the driver for his license. Defendant opened the door, stepped out of the car, and stood next to the door. The officer looked into the car and saw plant material consisting of broken crushed leaves and seeds on the floor of the car. The officer believed the substance to be cannabis and searched the car, finding a cigarette box filled with cannabis he had not seen before. Thereafter, the officer opened the trunk and found three more bags of cannabis. The evidence seized was supressed because the court found that "an officer has no justification to believe there is marijuana somewhere else in the car merely because the officer observed a few seeds on the floor of a car in a rural area." (*Clark*, 98 Ill. App. 3d at 407, 424 N.E.2d at 881.) The court also noted that an officer who observes a defendant driver bend over as if to place something under the seat does not have a reasonable basis on this fact alone to believe that a car contains an illegal substance. Thus, in *Clark*, an officer's

observation of the defendant bending over to the passenger's side coupled with the observation of a few seeds and leaves in a rural area did not give the officer probable cause to search the vehicle. In the present case, Deputy Shumaker's observation of the passenger Tromp bending over, along with the smell of alcohol, did give Shumaker the right to have the passenger exit and to conduct a limited search once defendant had been lawfully pulled over. Once Shumaker had the passenger exit and saw the bag of cannabis in plain view, he then had probable cause to arrest the two men and search the vehicle.

Finally, defendant relies on the case of *People v. Gulley* (1982), 111 Ill. App. 3d 1091, 445 N.E.2d 26. In *Gulley,* after two officers arrested defendant for driving under the influence, defendant allowed one of the officers to drive his car to the station. Upon arriving at the station, the officer found an opaque plastic container in the car and opened it, alleging to have received tips that defendant had been selling drugs. The officer found pills which were later identified as a controlled substance. The trial court held, and the appellate court affirmed, that the officer had no probable cause to examine the container. The fact that Gulley was intoxicated, along with the alleged tips, did not constitute probable cause. In addition to this, the plain view doctrine did not apply because the container was opaque. In the present case, Officer Shumaker did not need to open a container to see the cannabis, for it was in a clear plastic bag, in plain view.

On a motion to suppress evidence the defendant has the burden of proof to make a *prima facie* showing that the evidence was obtained by an illegal search and seizure. (*People v. Neal* (1985), 109 Ill. 2d 216, 218, 486 N.E.2d 898, 899.) A reviewing court will not overturn a trial court's decision on a motion to suppress evidence unless it is determined to be manifestly erroneous. *People v. Reynolds* (1983), 94 Ill. 2d 160, 445 N.E.2d 766.

Defendant has not met his burden to overturn the trial court's decision on the motion to suppress evidence. Defendant has argued that Deputy Shumaker had no probable cause to conduct the search of the vehicle. However, defendant does not even mention the plain view doctrine, the rationale the trial court gave for denying the motion to suppress the evidence. Therefore, the decision of the trial court is affirmed.

Affirmed.

KNECHT and GREEN, JJ., concur.