THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES JONES, Defendant-Appellant.

First District (1st Division)   No. 1—89—1205

Opinion filed December 10, 1990.

MANNING, J., dissenting.

Randolph N. Stone, Public Defender, of Chicago (Kim L. Sorrells and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, David R. Butzen, and Howard D. Weisman, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Following a bench trial, defendant, James Jones, was convicted of possession of a controlled substance. He was sentenced to 18 months' periodic imprisonment. On appeal defendant argues that the trial court erred in denying his pretrial motion to suppress evidence.

At the pretrial hearing, Chicago police officer Duffin testified that on May 31, 1987, he was traveling along Ashland Avenue when he noticed an automobile with a cracked windshield, which he described as a "hazardous vehicle." The officer pulled the car over into a restaurant parking lot, and he and his partner exited the squad car. As Officer Duffin approached the vehicle, he noticed the driver making turning movements. As the officer got closer, he saw defendant place a plastic bag underneath the armrest between the seats. At this time he ordered defendant out of the vehicle, entered the car and retrieved the plastic bag. The bag contained 108 grams of marijuana. The offi-

cers placed defendant under arrest and searched him. The search revealed additional marijuana as well as United States currency.

In denying the motion to suppress, the court specifically noted that the officer saw defendant placing the plastic bag under the armrest and that he saw part of the plastic bag.

At trial, defendant testified that the car he was driving was not his and that he was unaware that there was any marijuana in the car. The parties stipulated that the officer would testify as he had at the pretrial hearing.

On appeal, defendant argues that the trial court's denial of the motion to suppress was manifestly erroneous because the State failed to prove that the initial stop was justified. Additionally, defendant contends that even if the traffic stop was justified, there was no probable cause to seize the plastic bag.

■■ ■ Both parties cite the Illinois Vehicle Code, which makes it unlawful for a person to drive a vehicle where the windshield is in such defective condition as to materially impair the driver's vision. (Ill. Rev. Stat. 1987, ch. 95½, par. 12—503(e).) Defendant suggests, without citation to any authority, that because there was no testimony that defendant's vision was materially impaired, the officers lacked probable cause for the stop and the seizure was illegal. A police officer may, however, stop a vehicle in a public place for a reasonable period of time when the officer reasonably infers from the circumstances that the person is violating the Illinois Vehicle Code. (See Ill. Rev. Stat. 1987, ch. 38, par. 107—14; see also *People v. Stroud* (1989), 189 Ill. App. 3d 1034, 546 N.E.2d 293.) Here, the evidence is incontroverted that the windshield of the vehicle defendant was driving was cracked. This fact supports the conclusion that the stop was justified (*cf. People v. LaGrone* (1984), 124 Ill. App. 3d 301, 464 N.E.2d 712), and not merely pretextual, a problem of concern to reviewing courts. (*People v. Patterson* (1980), 88 Ill. App. 3d 144, 410 N.E.2d 223.) Because the initial stop was lawful, we need not address defendant's contentions regarding the inapplicability of the doctrines of plain view and search incident to arrest.

■■ ■ Defendant also argues that even assuming that the initial stop was valid, the subsequent search was improper because the officer lacked probable cause. Probable cause to search an automobile exists when, in light of totality of the circumstances, a reasonable person would believe that there was contraband in the vehicle. (*People v. Clark* (1982), 92 Ill. 2d 96, 440 N.E.2d 869.) We agree with defendant that defendant's twisting motion, without more, would not give rise to probable cause. Here, however, the officer noticed not only defend-

ant's twisting motion, but saw defendant place the bag under the armrest, suggesting that defendant was attempting to hide something. Based on the record before us we cannot say that the trial court's denial of the motion to suppress was manifestly erroneous. Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

BUCKLEY, P.J., concurs.

JUSTICE MANNING, dissenting:

I respectfully dissent. While I agree with the majority that the officer's stop of the car was justified based on the traffic violation, there was no probable cause to search defendant's car. The officer testified that he initially observed the defendant "twisting" in the front seat of the car, but was unable to see his hands at that point. The twisting movement was observed from the rear of the car. Once he approached the vehicle, he saw defendant "placing" a plastic bag underneath the armrest and between the front seat of the vehicle. It is important to note what the officer did not see in trying to determine if probable cause existed. The officer only saw a "few inches" of the bag. He did not testify that he observed the color or substance of the contents of the bag. He did not observe anything that appeared to be a weapon. He did not testify that based on his prior investigative experience he knew that marijuana was transported in clear plastic bags. He did not observe any crushed green leaves or leafy substance. He ordered the defendant out of the car, so there was no danger to the officer, nor did the officer so testify.

I agree with the defendant that the presence of plastic in an automobile is insufficient to give a police officer probable cause. The search of a motor vehicle must be based on probable cause. (*Chambers v. Maroney* (1970), 399 U.S. 42, 51, 26 L. Ed. 2d 419, 428, 90 S. Ct. 1975, 1981.) Probable cause is based on the totality of the circumstances known at the time that would give a reasonable person a belief that contraband was present. (*People v. Penny* (1989), 188 Ill. App. 3d 499, 502, 544 N.E.2d 1015.) The defendant in the case at bar was stopped for a minor traffic violation only. Thereafter, the officer observed two things, *i.e.*, a twisting movement seen from behind and a plastic bag placed under an armrest. The totality of the circumstances is devoid of any connection to criminal behavior, in the absence of an observation of at least the color or nature of the substance contained in such a bag. (See, *e.g., People v. Kelly* (1979), 76

Ill. App. 3d 80, 394 N.E.2d 739.) The instant case is very similar to *People v. Collins* (1977), 53 Ill. App. 3d 253, 368 N.E.2d 1007, wherein that defendant was stopped for a minor traffic violation, the officer observed him lean forward and to the right, and then, after ordering defendant out of the car, observed a brown paper bag, opened it and discovered that its contents consisted of cannabis.

While in *Collins* the discovery of the bag was subsequent to the ordering of defendant out of the car and here the plastic bag was seen before defendant was ordered out, the principle is the same. The defendant in *Collins* was ordered out of the car because the officer noted that he leaned forward. The defendant in the case at bar was ordered out of the car because he was observed "twisting" and the officer observed a few inches of plastic protruding from underneath an armrest. In neither case was there sufficient evidence to justify a search of the defendant's automobile.

Furthermore, the record is devoid of any evidence that the defendant committed any other traffic violation that would have necessitated his detention and arrest, *i.e.*, failure to possess a driver's license, etc. The court, in ruling, determined that it need not consider the "manner in which the defendant moved or did not move." The basis for the court's denial of defendant's motion was solely the fact that the officer saw defendant place a bag underneath the armrest, and he observed that the bag was plastic.

While under more specific circumstances, *i.e.*, observation of crushed, leafy substance, or even testimony by the officer that in the officer's experience he has noted the use of plastic to transport cannabis, I would agree with the majority. However, in the case at bar, the record is woefully lacking for purposes of probable cause. The search was not justified by the totality of circumstances. (See generally *New York v. Belton* (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860.) I would reverse for the reason that the trial court's denial of defendant's motion to suppress is manifestly erroneous.