THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY BAVAS, Defendant-Appellant.

Second District   No. 2—92—0306

Opinion filed November 9, 1993.—Rehearing denied December 14, 1993.

Donald J. Ramsell, of Ramsell & Associates, of Wheaton, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Anthony Bavas, appeals the circuit court's order denying his petition to rescind the statutory summary suspension of his driver's license. The court granted the State's motion for a directed finding at the close of defendant's case. On appeal, defendant contends that the court's ruling was against the manifest weight of the evidence.

On December 27, 1991, defendant was arrested and charged with driving under the influence of alcohol (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(2) (now 625 ILCS 5/11—501(a)(2) (West 1992))). Defendant filed a petition to rescind the summary suspension of his license (625 ILCS 5/2—118.1 (West 1992)). The court set a February 13, 1992, hearing date for the petition.

On February 13, the State filed a motion to continue the hearing, alleging that the arresting officer was ill and therefore was unavailable as a witness. Defendant objected, pointing out that this was the third time the petition had been set for a hearing. The court denied the State's motion and commenced the hearing.

Defendant testified that on December 27, 1991, from 8:30 p.m. until 12:30 a.m., he was at Olando's Pizza Pub with his wife and some friends celebrating his wife's birthday. During this time, he consumed two Old Style beers and two Sharp's nonalcoholic beers. At approximately 12:30, defendant left Olando's with his wife and proceeded to drive home. He was not under the influence of alcohol when he left the bar. A Roselle police officer stopped defendant while he was driving west on Route 20. Defendant had not committed any traffic violations prior to being pulled over.

Defendant admitted drinking two Old Styles and two Sharp's that evening. The officer asked defendant to perform some field sobriety tests, but defendant refused. The officer placed defendant under arrest and transported him to the police station. At the station, defendant refused to submit to a breathalyzer test. Defendant testified that

he was never read the warning to motorists. If he had been informed of the warning, he would have taken the test. Defendant was unsure of what time he arrived at the police station, how long he was at the station, or what time his wife picked him up.

Defendant also called as a witness Jo Ellen Smith, a bartender at Olando's. She testified that she had known defendant for about two years because he was a customer at the bar. She recalled that on December 27 defendant was with his wife and friends celebrating his wife's birthday. She recalled serving defendant two bottles of Sharp's and two bottles of Old Style during the evening. In her opinion, defendant was not under the influence of alcohol when he left the bar.

Smith testified on cross-examination that there were 50 or 60 customers in the bar that night. She could not recall specifically what each of them had to drink. She could recall generally what drinks she brought to the defendant's table, but could not recall specifically what each other person at the table drank. She admitted that she did not observe defendant continuously between 8:30 and 12:30.

The court granted the State's motion for a directed finding at the close of defendant's case. The court found defendant's testimony not to be credible. Although defendant recalled that he was at the traffic stop for 20 minutes, he could not recall how long he was at the police station or in the holding cell. The court did not make a specific finding concerning Smith's testimony.

Defendant filed a timely notice of appeal. On appeal, he contends that the court's findings were against the manifest weight of the evidence. He argues that the testimony of himself and Smith was consistent, uncontradicted and not inherently implausible. Therefore, he concludes, the court erred in rejecting this testimony and granting a directed finding for the State. The State responds that the evidence was inherently implausible and the court properly found that it was insufficient to sustain defendant's burden of proof.

A defendant who has been notified that his license is to be summarily suspended may file a petition to rescind the suspension. (Ill. Rev. Stat. 1991, ch. 95½, par. 2—118.1 (now 625 ILCS 5/2—118.1 (West 1992)).) A statutory summary suspension hearing is a civil proceeding, and defendant, as the petitioner, has the burden of proof. (*People v. Orth* (1988), 124 Ill. 2d 326, 341; *People v. Sanders* (1988), 176 Ill. App. 3d 467, 469.) If defendant makes out a *prima facie* case for rescission, the burden shifts to the State to come forward with evidence justifying the suspension. *Orth*, 124 Ill. 2d at 341.

In a closely analogous situation, once a defendant establishes that a warrantless search was conducted and he was doing nothing unu-

sual at the time, the burden shifts to the State to show the propriety of the search. (*People v. LaGrone* (1984), 124 Ill. App. 3d 301, 303; see also *People v. Reusch* (1991), 209 Ill. App. 3d 991, 993.) In the instant case, defendant testified that he had not violated any traffic laws and generally was doing nothing unusual at the time he was stopped. He also testified, and Smith corroborated, that he had only two beers during a four-hour period and was not intoxicated at the time. Finally, he testified that the arresting officer did not read him the warning to motorists concerning the consequences of the refusal to submit to a breath test. All of this evidence was uncontradicted. Moreover, defendant and Smith were not substantially impeached.

At argument before the trial court the State focused on what it considered the inherent implausibility of defendant's evidence. In denying defendant's petition and continuing the suspension, the trial court stated that it found defendant's testimony unbelievable. The court stated, "While your arguments on the law are well founded, I find that the Defendant has attempted to rewrite things and I give him no credibility and I find against him." The court specifically noted that defendant was able to recall that he spent 20 minutes at the scene of the traffic stop, but could not recall how long he spent in the holding cell or how long he was at the police station.

On appeal, the State renews its argument that defendant's evidence was unworthy of belief. However, the State does not dispute defendant's contention that his evidence was essentially uncontradicted and unimpeached. The circumstances under which the trier of fact may disregard uncontradicted and unimpeached testimony are severely limited.

As noted, a statutory summary suspension hearing is a civil proceeding at which defendant has the burden of proof. (*Orth*, 124 Ill. 2d at 341.) The State is thus placed in the position of a civil defendant. Generally, in ruling on a defendant's motion for judgment at the close of plaintiff's case, the trial court must follow a two-step process. The court must first determine if plaintiff has made out a *prima facie* case. If not, the court enters judgment for defendant. If so, the court proceeds to weigh the evidence. (*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 155.) In weighing the evidence, the court is to consider all the evidence, pass on the credibility of the witnesses, draw all reasonable inferences from the evidence, and generally consider the weight and quality of the evidence. (*Kokinis*, 81 Ill. 2d at 154; *Rohter v. Passarella* (1993), 246 Ill. App. 3d 860, 865.) The trial court's decision will not be disturbed on appeal unless it is contrary to the manifest

weight of the evidence. *Kokinis*, 81 Ill. 2d at 154; *Rohter*, 246 Ill. App. 3d at 865.

While ruling on a motion for a directed finding at the close of plaintiff's case thus requires the trial court to weigh the evidence and assess the credibility of the witnesses, the court is still bound by the rules relating to the acceptance of unrebutted testimony.

■ In general, although the credibility of the witnesses and the weight to be accorded their testimony are typically jury considerations, the fact finder cannot arbitrarily or capriciously reject the testimony of an unimpeached witness. (*People ex rel. Brown v. Baker* (1981), 88 Ill. 2d 81, 85.) "Where the testimony of a witness is neither contradicted, either by positive testimony or by circumstances, nor inherently improbable, and the witness has not been impeached, that testimony cannot be disregarded even by a jury." (*Baker*, 88 Ill. 2d at 85; *Moran v. Lala* (1989), 179 Ill. App. 3d 771, 781.) The same rule applies to a trial court sitting as the finder of fact. See *Aluminum Co. of America v. Home Can Manufacturing Corp.* (1985), 134 Ill. App. 3d 676, 683.

Evidence may not be disregarded as inherently improbable unless it is of a "physical impossibility, or *** is in contradiction of matters of common knowledge or laws of nature operating with uniformity, would be regarded as incredible and would not tend to produce in any rational mind a belief in the existence of the fact stated." (*Chicago City Ry. Co. v. Hagenback* (1907), 228 Ill. 290, 294.) However, "if a statement is merely inconsistent with reasonable probabilities," the court may not simply reject that testimony. *Hagenback*, 228 Ill. at 294; see also *Jones v. Consolidation Coal Co.* (1988), 174 Ill. App. 3d 38, 44 (testimony is inherently improbable if it is contrary to the laws of nature or universal human experience or if facts stated by witness demonstrate falsity of testimony).

■ In this case, defendant made out a *prima facie* case for rescission. He testified that he had only two beers, was not intoxicated, was not violating any traffic laws when he was stopped and was never read the warning to motorists. This evidence was essentially unrebutted. Moreover, it was not so inherently improbable that the court was free to disregard it.

We agree with the State that aspects of defendant's evidence are suspect. Defendant testified in essence that the officer pulled him over for no apparent reason and asked him to submit to field sobriety tests and a breath test without reading the required warnings. Defendant recalled that he was at the traffic stop for 20 minutes, but could not recall how long he spent at the police station. Smith recalled

exactly what she served defendant to drink on the night in question, but could not recall with the same degree of specificity what she served any of the bar's other 50 or 60 customers. While these facts might raise credibility questions in a contested proceeding, here there was no evidence from which the court could conclude that defendant and Smith were not credible. We cannot say that defendant's and Smith's testimony was contrary to the laws of nature or to universal human experience. It follows that the trial court's ruling granting the State a directed finding was contrary to the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and BOWMAN, JJ., concur.